EL PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* GILBERTO RODRÍGUEZ ZAYAS, demandado y recurrido.

*Números:* CE-94-696     *Resueltos:* 13 de enero de 1995
CE-94-688

*Carlos Lugo Fiol, Subprocurador General, Grisel Hernández Nieves, Procuradora General Auxiliar,* y *Efraín Meléndez, Fiscal Especial Independiente,* abogados de El Pueblo; *José Ángel Cangiano* y *Félix A. Toro, Jr.,* abogados del recurrido.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

Nuevamente nos vemos precisados a atender una solicitud de traslado de un caso en el cual una de las partes es un juez en funciones en el tribunal donde se está ventilando el mismo. Recientemente, en un caso civil, *Sucn. Ortiz Ortiz v. Campoamor Redín,* 125 D.P.R. 106 (1990), concedimos el traslado debido a que una de las partes laboraba como Juez Superior en la sala del tribunal donde se celebraría la vista. Allí determinamos que, aunque en pleitos relacionados con bienes muebles la Regla 3.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que la sala con competencia para dilucidar este tipo de pleito será aquella en "que radique el objeto de la acción", ésta no disponía del asunto. En esa ocasión reconocimos que en un caso civil es el juez quien pasa juicio sobre la credibilidad que le merecen los testigos, incluyendo la del compañero juez, si éste decide testificar. Sobre este particular expresamos:

Existe una realidad que no podemos ignorar. El codemandado, Hon. Fernando Campoamor Redín, es un Juez Superior asig-

nado, de manera regular, a la Sala de Aibonito del Tribunal Superior. Dilucidar el caso en la referida Sala implica que un compañero juez de éste, el cual comparte día a día y hombro con hombro en la Sala de Aibonito la gran responsabilidad de impartir justicia, tendrá la difícil encomienda de pasar juicio sobre la credibilidad de un compañero de labores. Ello, en adición a situar en una angustiosa situación a dos compañeros jueces, puede poner en entredicho, y causar un gran daño a la imagen de la justicia en nuestra jurisdicción. *Sucn. Ortiz Ortiz v. Campoamor Redín*, supra, pág. 108.

Esta vez se trata de un caso de naturaleza penal en el cual la solicitud de traslado fue presentada por el Ministerio Público y el Fiscal Especial Independiente (en adelante F.E.I.). La petición está fundada en la publicidad excesiva recibida por los casos, así como en la familiaridad de los acusados —un juez y su secretaria— con el personal del tribunal donde se celebrará el juicio, debido a que éstos laboraron como funcionarios de dicho tribunal.

## I.

*Hechos*

El 1ro de julio de 1994, el F.E.I. presentó doce (12) cargos contra Gilberto Rodríguez Zayas, Juez del Tribunal de Distrito, Sala de Ponce, por infracciones al Art. 209 del Código Penal (soborno), 33 L.P.R.A. sec. 4360, y un (1) cargo por violación al Art. 205 del Código Penal (destrucción de documentos por funcionarios públicos), 33 L.P.R.A. sec. 4356. Ese mismo día le fueron presentados, también, doce (12) cargos por soborno a la Sra. Neyda Rivera Febles, quien era la secretaria jurídica del juez acusado Rodríguez Zayas.

Celebrada la vista para determinar causa probable para el arresto contra ambos acusados el 1ro de julio de 1994, el juez de instancia determinó causa en seis (6) de los trece (13) cargos contra el juez y en ocho (8) de los doce (12) cargos contra la señora Rivera Febles. Luego de celebrada

la mencionada vista, tanto el F.E.I. como el Ministerio Público, presentaron unas mociones que solicitaban el traslado de ambos casos para la celebración de la vista preliminar.[1] El tribunal de instancia celebró una vista para discutir dicha solicitud, luego de la cual denegó ambas mociones y señaló la fecha para la celebración de la vista preliminar en ambos casos. Tanto el Juez Rodríguez Zayas como la señora Rivera Febles, renunciaron a su derecho a la celebración de la vista preliminar. Entonces se presentaron las correspondientes acusaciones y se señaló la fecha para la lectura de la acusación.

Después de la lectura de la acusación, el F.E.I. y el Ministerio Público solicitaron el traslado de los casos para la celebración del juicio. El foro de instancia les concedió un término a las partes para expresarse. Éstas comparecieron, y el tribunal denegó el traslado y ordenó a las partes a comparecer el día señalado para la vista preparadas para iniciar el proceso de selección del Jurado. También ordenó una serie de medidas cautelares para garantizar la imparcialidad y la pureza del procedimiento.

Inconformes con esta determinación, el F.E.I. y el Ministerio Público acudieron ante nos mediante una petición de *certiorari* para solicitar la revocación de la resolución recurrida. Luego de analizar ambos escritos, paralizamos los procedimientos en instancia y le concedimos un término a los recurridos para que mostraran causa por la cual no deberíamos revocar la resolución, objeto de revisión.

Las partes han comparecido y estamos en posición de resolver sin ulteriores procedimientos.

---

[1] Además, el Fiscal Especial Independiente (en adelante F.E.I.) y el Ministerio Público acudieron en alzada de la determinación de causa probable para arresto para que se consideraran nuevamente los cargos contra los imputados. Ambos recursos fueron denegados.

## II

*El traslado y el juicio por jurado*

■ El traslado en un caso criminal requiere la consideración de elementos que no están presentes en un caso civil. Todo acusado de delito grave tiene derecho a ser juzgado por un Jurado imparcial compuesto por vecinos del distrito donde alegadamente ocurrieron los hechos imputados. La Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, en su segundo párrafo, dispone:

> En los procesos por delito grave el acusado tendrá derecho a que su juicio se ventile ante un jurado imparcial compuesto por vecinos del distrito, quienes podrán rendir veredicto por mayoría de votos en el cual deberán concurrir no menos de nueve. Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 308.

■ La esencia del juicio por jurado es que el acusado sea juzgado por un grupo representativo de la comunidad en que reside, para que así se garantice la imparcialidad del proceso. Por ello, es importante que el grupo de jurados sea representativo y compuesto por miembros de los diversos sectores de la comunidad. *Pueblo v. Sánchez Pérez*, 122 D.P.R. 606, 614 (1988); *Pueblo v. Laboy*, 110 D.P.R. 164, 167 (1980). Este precepto de rango constitucional delimita la aplicación de la Regla 81 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

■ Dicha regla establece que:

> A solicitud de El Pueblo o del acusado, un tribunal ante el cual se hallare pendiente una causa criminal podrá trasladarla a otra sala por los siguientes fundamentos:
> (a) Cuando por cualquier razón que no sea una de las enumeradas en la Regla 76 no pueda obtenerse un juicio justo e imparcial en el distrito donde está pendiente la causa.
> (b) Cuando por razón de desorden público que exista en el distrito no pueda obtenerse un juicio justo e imparcial para el acusado y El Pueblo con seguridad y rapidez.

(c) Cuando la vida del acusado o de algún testigo pueda ponerse en peligro si se juzgare la causa en tal distrito.

(d) Cuando en dicho distrito no pueda obtenerse un jurado para el juicio del acusado. 34 L.P.R.A. Ap. II, R. 81.

La citada regla autoriza a los tribunales a ordenar el traslado de un caso sólo cuando se demuestre que están presentes algunos de los criterios para concederlo. La concesión de una solicitud de traslado no debe hacerse livianamente. El peso de la prueba para demostrar que éste procede recae sobre quien lo solicita. *Pueblo v. Sánchez Pérez*, supra. El promovente de una solicitud de traslado tiene que presentar prueba de hechos específicos que evidencien el supuesto perjuicio. Meras creencias, opiniones o conclusiones no bastan. *Maldonado v. Corte*, 71 D.P.R. 537, 542 (1950).

En *Pueblo v. Santiago Acosta*, 121 D.P.R. 727, 736 (1988), expusimos los factores que debe considerar el tribunal al evaluar una solicitud de traslado. Estos son, a saber: (1) el tamaño de la comunidad; (2) la naturaleza y el alcance de la publicidad del caso; (3) la identidad, reputación y posición en la comunidad tanto del acusado como de las víctimas; (4) la gravedad de las ofensas, y (5) la dificultad en obtener un panel de jurados. La "decisión sobre la necesidad del traslado deberá estar fundamentada en los hechos de cada caso en particular y descansará sobre la sana discreción del tribunal sentenciador". *Pueblo v. Santiago Acosta*, supra, pág. 736. Véase *Maldonado v. Corte*, supra, pág. 546. En situaciones en las cuales se solicite el traslado debido a la notoriedad del caso, el tribunal deberá determinar si —no empece a la notoriedad del mismo— pueden encontrarse unos jurados que rindan un veredicto justo e imparcial. *Pueblo v. Sánchez Pérez*, supra, pág. 617; *Maldonado v. Corte*, supra, pág. 545.

Expuesta tanto la norma como los criterios rectores para establecer la procedencia de una solicitud de traslado

en un caso criminal, procedemos a aplicarla a los hechos específicos de la presente controversia.

## III

*Aplicación del derecho a los hechos*

La solicitud de traslado del F.E.I. se fundamenta en la imposibilidad de obtener un Jurado imparcial debido a la publicidad excesiva que los medios publicitarios le han dado al caso. Además, alega que debido a que el juez acusado aún continúa en funciones, éste "entra y sale de las vistas proveniente de la puerta que conduce a las oficinas de los jueces y sala de jurados". Aunque las alegaciones son en principio meritorias, debemos examinar si el F.E.I. las apoyó con hechos específicos. Veamos.

La evidencia aportada por el F.E.I. para apoyar la solicitud de traslado se limitó a la presentación de varios recortes de noticias publicadas por los periódicos *El Nuevo Día y El Vocero de Puerto Rico*. Dichos recortes recogían la información sobre el proceso judicial seguido en el caso, incluyendo la determinación de causa probable para el arresto por los delitos imputados. El tribunal determinó que quedó establecido que los reportajes publicados en el periódico *El Vocero de Puerto Rico* circularon en la región de San Juan, pero que, sin embargo, el F.E.I. no pudo probar cuántos de estos reportajes fueron incluidos en la edición que circuló en la región de Ponce ni que la noticia fuera difundida o cubierta extensamente a través de la radio o la televisión. Tampoco demostró cómo estos reportajes, la familiaridad del juez con el personal del tribunal y el puesto de juez del acusado afectarían la mente del Jurado hasta el punto de empañar su imparcialidad. Como señaláramos, para que proceda una moción de traslado fundamentada en la notoriedad del caso, el tribunal debe tener ante sí evidencia no sólo de que existe esa notoriedad, sino también de que no "pueden encontrarse jurados que rindan

un veredicto justo e imparcial". *Maldonado v. Corte*, supra, pág. 545. En el caso de autos, el tribunal de instancia no fue puesto en condición de poder llegar a esa conclusión.

El Ministerio Público, por su parte, fundamentó su solicitud de traslado en que debido al largo tiempo en que la señora Rivera Febles había laborado en la Sala de Ponce —veinte (20) años— era de suponer que había desarrollado relaciones con el personal del tribunal. Sin embargo, no aportó prueba específica sobre estas alegadas relaciones y el posible efecto que éstas podrían tener en la selección del Jurado. Lo prematuro del reclamo de traslado se hace patente cuando se considera que ni siquiera ha comenzado el proceso de desinsaculación del Jurado.[2]

Cabe señalar, además, que en el caso de autos, el tribunal a quo tomó las medidas cautelares siguientes:

1) El personal de sala —ésto es, alguacil, secretaria y taquígrafa—, que junto a la juez suscribiente se trasladaron al Centro Judicial de Ponce el 23 de septiembre de 1994 y no son funcionarios del Centro Judicial de Ponce, serán los funcionarios que intervendrán en el caso.

2) El Tribunal hará un riguroso examen de todos los candidatos a jurado y el fiscal podrá examinar a estos en forma individual.

3) El Tribunal se reserva la discreción de conceder, de ello ser necesario, perentorias adicionales en la selección del jurado.

4) Los acusados no podrán tener acceso al pasillo interior del Tribunal y mucho menos donde circulen los candidatos a jurado. Tampoco podrán utilizar las facilidades privadas del Tribunal. Si después de estas y otras medidas cautelares que pudieren tomarse, a juicio del Tribunal no pudiese obtenerse un jurado imparcial, entonces ordenaríamos el traslado del caso.

5) De constituirse un panel de jurados, se ordenará el secuestro del mismo desde el momento en que preste juramento definitivo.

---

[2] En *Pueblo v. Sánchez Pérez*, 122 D.P.R. 606 (1988), se denegó una solicitud de traslado luego de haberse examinado cinco (5) jurados y luego de incidentes serios de influencias al Jurado por entender el tribunal que el Ministerio Público no pudo presentar suficiente evidencia para probar prejuicio y parcialidad.

6) La custodia del jurado estará a cargo de la Unidad Especial de Alguaciles de la Administración de los Tribunales, la cual está integrada por alguaciles de todos los centros judiciales de Puerto Rico.

Los alguaciles de Ponce, que formen parte de dicha Unidad no podrán intervenir en la custodia de ese jurado y se ordena [que] sean sustituidos por alguaciles de otros centros judiciales.

Consideramos que estas medidas son suficientes para salvaguardar y garantizar tanto los derechos del acusado como garantizar la pureza del proceso. Debemos destacar que la orden del tribunal sentenciador se limita *a este momento* y que deja la puerta abierta para que, de probarse que realmente no ha podido obtenerse un Jurado imparcial, tanto el Ministerio Público como el F.E.I. puedan reproducir la solicitud de traslado.

Por los fundamentos antes expuestos, *se dictará sentencia confirmando la resolución emitida por el Tribunal Superior, Sala de Ponce, de 23 de septiembre de 1994 y se devuelve el caso para que continúen los procedimientos en el tribunal de instancia.*

El Juez Asociado Señor Rebollo López disintió sin opinión escrita.