

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Iván A. Rodríguez Traverzo<br><br>Recurrido | Certiorari<br><br>2012 TSPR 97<br><br>185 DPR _____ |

Número del Caso: CC-2012-239

Fecha: 6 de junio de 2012

Tribunal de Apelaciones:

      Región Judicial de San Juan

Abogados de la Parte Peticionaria:
Oficina del FEI

      Lcda. Zulma Fuster Troche
      Lcdo. Manuel Nuñez Corrada

Abogado de la Parte Recurrida:

      Lcdo. Hilton J. García

Materia: Procedimiento Criminal – Tribunal con competencia para atender el caso según el lugar donde se cometió el delito.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO | | *Certiorari* |
| PETICIONARIO | | |
| v. | **Núm.:** <u>CC-2012-0239</u> | |
| IVÁN A. RODRÍGUEZ TRAVERZO | | |
| RECURRIDO | | |

Opinión del Tribunal emitida por el Juez Asociado señor FELIBERTI CINTRÓN

En San Juan, Puerto Rico, a 6 de junio de 2012.

La controversia que se plantea a través del presente recurso se reduce a determinar los momentos y lugares en que se alega que fueron cometidos los delitos imputados al recurrido, con el propósito de resolver si más de una sala del Tribunal de Primera Instancia tiene competencia para atender el caso.

I

El 27 de enero de 2012 la Oficina del Panel del Fiscal Independiente (FEI) presentó ocho (8) denuncias contra el ex representante a la Cámara de Representantes por el Distrito de Isabela, Sr. Iván Rodríguez Traverzo (señor Rodríguez o el recurrido), ante el Tribunal de Primera Instancia, Sala de San Juan. Todas las denuncias son idénticas. Lo único que cambia es el nombre del

empleado público que realizó los servicios alegadamente ilícitos para beneficio del recurrido.

En cuatro (4) de ellas se imputó violación al Artículo 255 del Código Penal de Puerto Rico de 2004, 33 L.P.R.A. sec. 4883 (2010) (Artículo 255 del Código Penal), correspondiente al aprovechamiento ilícito de trabajos o servicios públicos. Las cuatro (4) denuncias restantes le atribuyen al señor Rodríguez haber infringido el Artículo 3.2(c) de la Ley de Ética Gubernamental de Puerto Rico, Ley Núm. 12-1985, 3 L.P.R.A. secs. 1801-1853 (2011) (Artículo 3.2(c) de la Ley de Ética Gubernamental). En síntesis, se alega que mientras el recurrido ocupaba el cargo de Representante a la Cámara, utilizó empleados públicos asignados a su oficina para limpiar y acondicionar un potrero en Quebradillas durante horas laborables, donde estaba programada la celebración de una actividad de recaudación de fondos para su campaña política. Se alega que la Oficina de Finanzas de la Cámara de Representantes en San Juan, Puerto Rico, efectuó el pago correspondiente a dichos empleados.

Luego de sometidas las denuncias, el Tribunal de Primera Instancia ordenó a las partes mostrar causa por la cual no debía ordenar el traslado del caso a la Región Judicial de Arecibo ya que, según la juez asignada al caso, la conducta delictiva había ocurrido en Quebradillas.

En respuesta, el señor Rodríguez sometió una *Moción solicitando traslado de la causa criminal.* De este modo coincidió con el enfoque del tribunal primario, a los efectos de que los delitos imputados se consumaron en Quebradillas, habida cuenta de que los trabajos alegadamente efectuados por los empleados públicos en cuestión se habían realizado en dicho lugar.

A pesar de la oposición del FEI, el Tribunal de Primera Instancia declaró *Ha Lugar* la solicitud del señor Rodríguez fundamentando su decisión como sigue:

> [E]ntendemos que, al ser el momento y el lugar en que se consumó el delito ambos en el municipio de Quebradillas, esta Sala no cuenta con la competencia territorial para atender la acción penal. De conformidad, debemos ordenar el traslado del caso de epígrafe a la Región Judicial de Arecibo, por ser ésta la que ostenta la competencia….

Inconforme, el FEI acudió ante el Tribunal de Apelaciones, el cual denegó expedir el auto de *certiorari* solicitado mediante Sentencia de 29 de febrero de 2012.

En vista de ello, el FEI presentó ante nos una petición de *certiorari,* conjuntamente con una *Moción Urgente en Auxilio de Jurisdicción y Paralización de Vista Preliminar.* Luego de evaluar los planteamientos esgrimidos, mediante Resolución emitida el 21 de marzo de 2012, ordenamos la paralización de los procedimientos a nivel de instancia y concedimos un término a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto solicitado.

Oportunamente el señor Rodríguez sometió su alegato por medio del cual refutó los argumentos esgrimidos por el FEI y solicitó se mantuviese en vigor la orden de traslado. Contando con el beneficio de la posición de ambas partes, nos encontramos en posición de atender la interrogante interpuesta por medio del presente recurso y procedemos a disponer de ella.

## II

Tanto el tribunal primario como el foro apelativo intermedio entendieron que los cargos imputados al señor Rodríguez se perfeccionaron cuando alegadamente se llevaron a cabo los trabajos en el potrero ubicado en Quebradillas. Razonaron que fue en ese momento en que el recurrido obtuvo el beneficio ilícito proscrito por el Artículo 255 del Código Penal y la alegada violación al Artículo 3.2(c) de la Ley de Ética Gubernamental.

El FEI, por su parte, sostiene que los delitos en cuestión quedaron configurados con el pago de los salarios a los empleados concernidos, ya que el desembolso de fondos públicos constituye uno de los elementos de los cargos pendientes contra el señor Rodríguez. Puntualiza que es precisamente la utilización de fondos públicos lo que convierte la labor de sus subalternos en una punible.

En la alternativa, sugiere que ocurrieron hechos delictivos tanto en San Juan como en Quebradillas lo que

permite se tramite el juicio en cualquiera de los distritos judiciales correspondientes.

## III

## COMPETENCIA DEL TRIBUNAL

Previo a adentrarnos en los méritos de la controversia que nos ocupa, es preciso aclarar la diferencia entre el concepto "jurisdicción" y "competencia" en el ámbito judicial, a veces utilizados erróneamente como sinónimos uno del otro.

La jurisdicción no es otra cosa que el poder o autoridad que tiene un tribunal para dilucidar un caso en particular o una controversia dentro de un caso. "[E]l término 'jurisdicción'… corresponde a aquella facultad potestativa para adjudicar controversias." Ramírez v. Registrador, 116 D.P.R. 541, 548 (1985). Los tribunales de Puerto Rico, por mandato constitucional,[1] componen un sistema judicial unificado en cuanto a su jurisdicción, funcionamiento y administración. Trans-Oceanic Life Ins. Co. v. Oracle Corp., ___ D.P.R. ___ (2012), 2012 T.S.P.R. 34; Cosme v. Hogar Crea, 159 D.P.R. 1, 7 (2003); Vives Vázquez v. E.L.A., 142 D.P.R. 117, 133-134 (1996). Véase, además, Art. 2.001 de la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24b (2010).

---

[1]     Art. V, Sec. 2, Const. P.R., L.P.R.A., Tomo 1 (2008).

Cónsono con lo anterior, hemos reconocido que Puerto Rico "está constituido en un solo distrito judicial, sobre el cual el Tribunal General de Justicia ejerce su autoridad jurisdiccional." Cosme v. Hogar Crea, *supra*, pág. 7. A estos efectos, el Hon. José Trías Monge, ex Juez Presidente de este Foro, explicó: "Dentro de la teoría de un sistema unificado cualquier parte del sistema tiene jurisdicción para resolver una causa." J. Trías Monge, El Sistema Judicial de Puerto Rico, San Juan, Ed. Universitaria, 1978, pág. 136.

De otra parte, cuando se emplea el vocablo competencia, se alude al foro designado para atender un caso o asunto en específico según provisto en la ley o reglamento con el propósito de optimizar el trámite judicial. R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta Ed., San Juan, Lexis, 2010, Sec. 505, págs. 47-48. Véase, por ejemplo, Hernández v. Espinosa, 145 D.P.R. 248, 259 (1998), donde indicamos: "[E]l término *distrito judicial* se refiere exclusivamente a la demarcación de un área geográfica sobre la cual la sala particular del Tribunal de Primera Instancia tiene competencia para resolver la controversia ante su consideración."

La falta de competencia no constituye fundamento válido para desestimar una acción. Ante esta situación procede meramente ordenar el traslado a la sala o tribunal llamado a atender el asunto conforme las normas aplicables

a los hechos presentados en el caso. Seijo v. Mueblerías Mendoza, 106 D.P.R. 491, 493-494 (1977); Pueblo v. Ortiz Marrero, 106 D.P.R. 140, 143-144 (1977).

La designación del lugar donde debe atenderse un proceso criminal depende de varios factores. Como regla general, se celebrará el juicio "en la sala correspondiente al distrito **donde se cometió el delito**", excepto que exista disposición al contrario. Regla 27 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 27 (2004) (énfasis nuestro).

De otra parte, en aquellas situaciones en que el delito conlleve la ejecución de varios actos y éstos se hayan llevado a cabo en más de un distrito, "el juicio podrá celebrarse en **cualquier distrito donde se realizare cualquiera de dichos actos**". Regla 29 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 29 (2004) (énfasis nuestro).

Así pues, para efectos de resolver la controversia ante nos, debemos dirigir nuestra atención al lugar donde se alega que se cometieron los delitos imputados o los actos constitutivos de éstos.

En lo atinente al **lugar** del delito, el Artículo 20(a) del Código Penal, 33 L.P.R.A. sec. 4648 (2010), dispone que se considerará cometido el delito "**donde se ha ejecutado la acción**". (Énfasis nuestro). De otra parte, en lo atinente al **momento** de la comisión del mismo, el

Artículo 21 del Código Penal, 33 L.P.R.A. sec. 4649

(2010), establece que se considerará cometido:

> (a) en el **momento en que se ha ejecutado la acción** o debía ejecutarse la acción omitida, o
> (b) en el momento en que se ha producido el resultado delictivo.

(Énfasis nuestro).

**A.**

No obstante lo expuesto anteriormente, cuando se conjugan circunstancias que no permiten que se celebre un juicio por jurado justo, imparcial y rápido en el distrito con competencia, tanto el acusado como el Ministerio Público pueden solicitarle al tribunal que ordene el traslado a otra sala. Así lo dispone expresamente la Regla 81 de Procedimiento Criminal,[2] 34 L.P.R.A. Ap. II, R. 81 (2004), donde se enumeran los criterios que facultan el cambio. La parte que solicite el traslado viene obligada a demostrar, con hechos específicos, el supuesto perjuicio que conllevaría el que el proceso permanezca en su lugar de origen. Pueblo v. Hernández Santana, 138 D.P.R. 577,

---

[2] Dicha regla provee lo siguiente:

A solicitud de El Pueblo o del acusado, un tribunal ante el cual se hallare pendiente una causa criminal podrá trasladarla a otra sala por los siguientes fundamentos:

(a) Cuando por cualquier razón que no sea una de las enumeradas en la Regla 76 no pueda obtenerse un juicio justo e imparcial en el distrito donde está pendiente la causa.

(b) Cuando por razón de desorden público que exista en el distrito no pueda obtenerse un juicio justo e imparcial para el acusado y El Pueblo con seguridad y rapidez.

(c) Cuando la vida del acusado o de algún testigo pueda ponerse en peligro si se juzgare la causa en tal distrito.

(d) Cuando en dicho distrito no pueda obtenerse un jurado para el juicio del acusado.

583 (1995); Pueblo v. Rodríguez Zayas, 137 D.P.R. 792, 798 (1995).

**B.**

El lugar donde ha de celebrarse un juicio criminal cuando pesan sobre el imputado cargos por delito grave, guarda consideraciones de rango constitucional. Ello responde a que, como parte de las disposiciones contenidas en nuestra Carta de Derechos, se le garantiza al acusado "que su juicio se ventile ante un jurado imparcial compuesto por doce vecinos del distrito…". Art. II, Sec. 11, Const. P.R., L.P.R.A., Tomo 1 (2008). Pueblo v. Medina, Miró, 170 D.P.R. 628 (2007); Pueblo v. Hernández Santana, *supra*; Pueblo v. Rodríguez Zayas, *supra.*

Este asunto concierne también al Ministerio Público en la medida en que viene obligado a presentar la evidencia necesaria para sustentar los cargos, así como al tribunal en su función de asegurar la ordenada tramitación de los casos sometidos para su consideración. Pueblo v. Medina, Miró, *supra.*

Luego de indagar el alcance de esta disposición con el beneficio de las discusiones pertinentes sostenidas por los miembros de la Asamblea Constituyente y los trabajos relacionados hemos resuelto que la frase "doce vecinos del distrito", corresponde al lugar o lugares "**donde se cometió el delito**" y no donde reside el acusado. Pueblo v. Medina, Miró, *supra*, pág. 643 (énfasis en el original).

Igualmente, hemos dispuesto que "el acusado deberá ser juzgado en el distrito judicial donde se alega por el Estado **que ocurrieron los hechos delictivos.**" Pueblo v. Hernández Santana, *supra*, pág. 583 (énfasis en el original).

En Pueblo v. Medina, Miró, *supra*, atendimos la interrogante atinente a la competencia judicial en el contexto de un delito de omisión al no rendirse planillas de contribuciones. Resolvimos que, habida cuenta de que la obligación surgía en relación al Secretario de Hacienda, cuyas oficinas principales estaban ubicadas en San Juan, se daba por cometido el delito en dicho municipio y correspondía a la Región Judicial de San Juan atender el caso. De otra parte, la infracción tuvo lugar el 15 de abril por ser ésta la fecha límite fijada en ley para cumplir con la obligación tributaria.

**IV**

Al analizar la conducta punible imputada en este caso, conforme al Artículo 255 del Código Penal, notamos que ésta incide en torno a funcionarios públicos que se aprovechan ilegalmente de trabajos o servicios de empleados que son, a la vez, sufragados con fondos gubernamentales.

Según explica la Profesora Dora Nevares-Muñiz al discutir el Artículo 255 del Código Penal en su libro Nuevo Código Penal de Puerto Rico, 3ra ed., San Juan,

Instituto para el Desarrollo del Derecho, Inc. (2008), pág. 335, se prohíbe al funcionario público beneficiarse "de forma ilícita de trabajos o servicios pagados por el gobierno". "Se trata de un delito cuyo efecto último es una apropiación indebida de fondos o propiedad del Estado Libre Asociado o sus dependencias e instrumentalidades, por cuanto se remunera a las personas que llevan a cabo el trabajo con esos fondos, en beneficio del acusado o de un tercero". Íd. págs. 336-337.

Aunque ciertamente el efecto palpable del beneficio de la actividad delictiva a favor del recurrido en este caso se denota en los alegados trabajos ejecutados en el potrero, no se dan por cometidos los delitos correspondientes hasta tanto se desembolsan fondos públicos en remuneración de los trabajos. La retribución por servicios no permisibles constituye un elemento esencial para que las denuncias prosperen. Dicho de otra manera, de no efectuarse el pago, no surge infracción punible bajo los preceptos enumerados en las denuncias.

Quiere esto decir que, a pesar de que parte de los elementos constitutivos de los delitos imputados sucedieron en Quebradillas, por concepto del beneficio que ello alegadamente representó para el señor Rodríguez, siendo el desembolso de los fondos públicos un factor determinante para su configuración, debemos concluir que los delitos alegados se consumaron posteriormente en San Juan.

En resumen, somos del criterio que parte de las violaciones al Artículo 255 del Código Penal y al Artículo 3.2(c) de la Ley de Ética Gubernamental, respectivamente, se alega que se produjeron en la medida en que el señor Rodríguez, en calidad de funcionario electo, alegadamente utilizó empleados públicos en Quebradillas para adelantar sus intereses políticos personales. Del mismo modo, una vez la Oficina de Finanzas de la Cámara de Representantes en San Juan efectuó los pagos correspondientes a dicha labor, se concretizó otro elemento esencial de los delitos imputados, detallados en las ocho (8) denuncias sometidas en contra del recurrido.

Opinamos, por tanto, que para efectos de resolver cuál tribunal tiene competencia para atender los cargos que pesan sobre el señor Rodríguez, son de aplicación las disposiciones de la Regla 29 de Procedimiento Criminal, *supra*, que contempla situaciones que envuelven eventos delictivos perpetrados en más de un distrito. Según advertimos anteriormente, los elementos constitutivos de los delitos imputados contemplan la alegada ejecución de actos tanto en Quebradillas como en San Juan.

Por consiguiente, conforme lo dispuesto en la Regla 29 de Procedimiento Criminal, *supra,* el Tribunal de Primera Instancia, Sala de San Juan, sí tenía competencia para presidir sobre el caso, por lo que no podía negarse a atenderlo según hizo. Al existir competencias paralelas, el hecho de que el caso se hubiese iniciado en San Juan

por el FEI, obligaba a dicho foro a retenerlo, excepto que mediaran razones de peso para solicitar el traslado conforme a lo provisto en la Regla 81 de Procedimiento Criminal, *supra*. A falta de las mismas, erraron los tribunales recurridos en su proceder.

V

Por los fundamentos anteriormente esbozados, se expide el auto de *certiorari* solicitado por el FEI y se revoca la Sentencia dictada por el Tribunal de Apelaciones el 29 de febrero de 2012.

Se devuelve el caso al Tribunal de Primera Instancia, Sala de San Juan, para la continuación de los procedimientos conforme a lo aquí dispuesto.[3]

Se dictará Sentencia de conformidad.

ROBERTO FELIBERTI CINTRÓN
JUEZ ASOCIADO

---

[3] Cónsono con dicho dictamen, dejamos sin efecto nuestra Resolución de 21 de marzo de 2012, mediante la cual ordenamos la paralización de los procedimientos ante el tribunal *a quo*.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>IVÁN A. RODRÍGUEZ TRAVERZO<br><br>Recurrido | Núm. **CC-2012-0239** | *Certiorari* |

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de junio de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se expide el auto de *certiorari* solicitado por el FEI y se revoca la Sentencia dictada por el Tribunal de Apelaciones el 29 de febrero de 2012.

Se devuelve el caso al Tribunal de Primera Instancia, Sala de San Juan, para la continuación de los procedimientos conforme a lo aquí dispuesto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton y la Juez Asociada señora Rodríguez Rodríguez disienten sin opinión escrita. La Jueza Asociada señora Pabón Charneco no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo