El Juez Asociado Señor Feliberti Cintrón
emitió la opinión del Tribunal.
La controversia que se plantea a través del presente recurso se reduce a determinar los momentos y lugares en que se alega que fueron cometidos los delitos imputados al recurrido, con el propósito de resolver si más de una sala del Tribunal de Primera Instancia tiene competencia para atender el caso.
I
El 27 de enero de 2012 la Oficina del Panel del Fiscal Independiente (FEI) presentó ocho denuncias contra el ex representante a la Cámara de Representantes por el Dis-trito de Isabela, Sr. Iván Rodríguez Traverzo (señor Rodrí-guez o el recurrido), ante el Tribunal de Primera Instancia, *792 Sala de San Juan. Todas las denuncias son idénticas. Lo único que cambia es el nombre del empleado público que realizó los servicios alegadamente ilícitos para beneficio del recurrido.
En cuatro de ellas se imputó violación al Art. 255 del Código Penal de Puerto Rico de 2004 (33 L.P.R.A. see. 4883) (Art. 255 del Código Penal), correspondiente al apro-vechamiento ilícito de trabajos o servicios públicos. Las cuatro denuncias restantes le atribuyen al señor Rodríguez haber infringido el Art. 3.2(c) de la Ley de Etica Guberna-mental de Puerto Rico, Ley Núm. 12-1985 (3 L.P.R.A. see. 1822) (Artículo 3.2(c) de la Ley de Ética Gubernamental). En síntesis, se alega que mientras el recurrido ocupaba el cargo de Representante a la Cámara, utilizó empleados pú-blicos asignados a su oficina para limpiar y acondicionar un potrero en Quebradillas durante horas laborables, donde estaba programada la celebración de una actividad de recaudación de fondos para su campaña política. Se alega que la Oficina de Finanzas de la Cámara de Repre-sentantes en San Juan, Puerto Rico, efectuó el pago corres-pondiente a dichos empleados.
Luego de sometidas las denuncias, el Tribunal de Pri-mera Instancia ordenó a las partes mostrar causa por la cual no debía ordenar el traslado del caso a la Región Judicial de Arecibo ya que, según la juez asignada al caso, la conducta delictiva había ocurrido en Quebradillas.
En respuesta, el señor Rodríguez sometió una Moción Solicitando Traslado de la Causa Criminal. De este modo coincidió con el enfoque del tribunal primario, a los efectos de que los delitos imputados se consumaron en Quebradi-llas, puesto que los trabajos alegadamente efectuados por los empleados públicos en cuestión se habían realizado en dicho lugar.
A pesar de la oposición del FEI, el Tribunal de Primera Instancia declaró “ha lugar” la solicitud del señor Rodrí-guez fundamentando su decisión como sigue:
*793 [E]ntendemos que, al ser el momento y el lugar en que se consumó el delito ambos en el municipio de Quebradillas, esta Sala no cuenta con la competencia territorial para atender la acción penal. De conformidad, debemos ordenar el traslado del caso de epígrafe a la Región Judicial de Arecibo, por ser ésta la que ostenta la competencia .... Apéndice, pág. 75.
Inconforme, el FEI acudió ante el Tribunal de Apelacio-nes, el cual denegó expedir el auto de certiorari solicitado mediante Sentencia de 29 de febrero de 2012.
En vista de ello, el FEI presentó ante nos una petición de certiorari, conjuntamente con una Moción Urgente en Auxilio de Jurisdicción y Paralización de Vista Preliminar. Luego de evaluar los planteamientos esgrimidos, mediante Resolución de 21 de marzo de 2012, ordenamos la parali-zación de los procedimientos a nivel de instancia y conce-dimos un término a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto solicitado.
Oportunamente el señor Rodríguez sometió su alegato por medio del cual refutó los argumentos esgrimidos por el FEI y solicitó se mantuviese en vigor la orden de traslado. Contando con el beneficio de la posición de ambas partes, nos encontramos en posición de atender la interrogante in-terpuesta por medio del presente recurso y procedemos a disponer de ella.
II
Tanto el tribunal primario como el foro apelativo inter-medio entendieron que los cargos imputados al señor Ro-dríguez se perfeccionaron cuando alegadamente se lleva-ron a cabo los trabajos en el potrero ubicado en Quebradillas. Razonaron que fue en ese momento en que el recurrido obtuvo el beneficio ilícito proscrito por el Art. 255 del Código Penal y la alegada violación al Art. 3.2(c) de la Ley de Etica Gubernamental.
El FEI, por su parte, sostiene que los delitos en cuestión *794 quedaron configurados con el pago de los salarios a los em-pleados concernidos, ya que el desembolso de fondos públi-cos constituye uno de los elementos de los cargos pendien-tes contra el señor Rodríguez. Puntualiza que es precisamente la utilización de fondos públicos lo que con-vierte la labor de sus subalternos en una punible.
En la alternativa, sugiere que ocurrieron hechos delicti-vos tanto en San Juan como en Quebradillas, lo que per-mite se tramite el juicio en cualquiera de los distritos judi-ciales correspondientes.
III

Competencia del Tribunal

Previo a adentrarnos en los méritos de la controversia que nos ocupa, es preciso aclarar la diferencia entre los conceptos “jurisdicción” y “competencia” en el ámbito judicial, a veces utilizados erróneamente como sinónimos uno del otro.
La jurisdicción no es otra cosa que el poder o autoridad que tiene un tribunal para dilucidar un caso en particular o una controversia dentro de un caso. “[E]l término ‘jurisdicción’... corresponde a aquella facultad potestativa para adjudicar controversias”. Ramírez v. Registrador, 116 D.P.R. 541, 548 (1985). Los tribunales de Puerto Rico, por mandato constitucional,([1]) componen un sistema judicial unificado en cuanto a su jurisdicción, funcionamiento y administración. Trans-Oceanic Life Ins. v. Oracle Corp., 184 D.P.R. 689 (2012); Cosme v. Hogar Crea, 159 D.P.R. 1, 7 (2003); Vives Vázquez v. E.L.A., 142 D.P.R. 117, 133-134 (1996). Véase, además, Art. 2.001 de la Ley de la Judicatura de 2003 (4 L.P.R.A. sec. 24b).
Cónsono con lo anterior, hemos reconocido que Puerto Rico “está constituido en un solo distrito judicial, sobre el *795 cual el Tribunal General de Justicia ejerce su autoridad jurisdiccional”. Cosme v. Hogar Crea, supra, pág. 7. A estos efectos, el Hon. José Trías Monge, ex Juez Presidente de este Foro, explicó: “Dentro de la teoría de un sistema unificado cualquier parte del sistema tiene jurisdicción para resolver una causa”. J. Trías Monge, El sistema judicial de Puerto Rico, San Juan, Ed. Universitaria, 1978, pág. 136.
Por otra parte, cuando se emplea el vocablo competencia, se alude al foro designado para atender un caso o asunto en específico según provisto en la ley o reglamento con el propósito de optimizar el trámite judicial. R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta ed., San Juan, LexisNexis, 2010, See. 505, págs. 47-48. Véase, por ejemplo, Hernández v. Espinosa, 145 D.P.R. 248, 259 (1998), donde indicamos: “[E]l término distrito judicial se refiere exclusivamente a la demarcación de un área geográfica sobre la cual la sala particular del Tribunal de Primera Instancia tiene competencia para resolver la controversia ante su consideración”.
La falta de competencia no constituye fundamento válido para desestimar una acción. Ante esta situación procede meramente ordenar el traslado a la sala o tribunal llamado a atender el asunto conforme las normas aplicables a los hechos presentados en el caso. Seijo v. Mueblerías Mendoza, 106 D.P.R. 491, 493-494 (1977); Pueblo v. Ortiz Marrero, 106 D.P.R. 140, 143-144 (1977).
La designación del lugar donde debe atenderse un proceso criminal depende de varios factores. Como regla general, se celebrará el juicio “en la sala correspondiente al distrito donde se cometió el delito”, excepto que exista disposición al contrario. (Enfasis nuestro). Regla 27 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.
Por otra parte, en aquellas situaciones en que el delito conlleve la ejecución de varios actos y éstos se hayan lle-vado a cabo en más de un distrito, “el juicio podrá cele- *796 brarse en cualquier distrito donde se realizare cualquiera de dichos actos”. (Enfasis nuestro). Regla 29 de Procedi-miento Criminal, 34 L.P.R.A. Ap. II.
Así pues, para efectos de resolver la controversia ante nos, debemos dirigir nuestra atención al lugar donde se alega que se cometieron los delitos imputados o los actos constitutivos de éstos.
En lo atinente al lugar del delito, el Art. 20(a) del Código Penal, 33 L.P.R.A. see. 4648, dispone que se considerará cometido el delito “[d]onde se ha ejecutado la acción”. (Enfasis nuestro). Por otra parte, en lo atinente al momento de la comisión del mismo, el Art. 21 del Código Penal, 33 L.P.R.A. see. 4649, establece que se considerará cometido:
(a) En el momento en que se ha ejecutado la acción o debía ejecutarse la acción omitida, o
(b) en el momento en que se ha producido el resultado delictivo. (Enfasis nuestro).
A. No obstante lo expuesto anteriormente, cuando se conjugan circunstancias que no permiten que se celebre un juicio por jurado justo, imparcial y rápido en el distrito con competencia, tanto el acusado como el Ministerio Público pueden solicitarle al tribunal que ordene el traslado a otra sala. Así lo dispone expresamente la Regla 81 de Procedimiento Criminal/[2]) 34 L.P.R.A. Ap. II, donde *797 se enumeran los criterios que facultan el cambio. La parte que solicite el traslado está obligada a demostrar, con he-chos específicos, el supuesto peijuicio que conllevaría el que el proceso permanezca en su lugar de origen. Pueblo v. Hernández Santana, 138 D.P.R. 577, 583 (1995); Pueblo v. Rodríguez Zayas, 137 D.P.R. 792, 798 (1995).
B. El lugar donde ha de celebrarse un juicio criminal cuando pesan sobre el imputado cargos por delito grave, guarda consideraciones de rango constitucional. Ello responde a que, como parte de las disposiciones contenidas en nuestra Carta de Derechos, se le garantiza al acusado “que su juicio se ventile ante un jurado imparcial compuesto por doce vecinos del distrito Art. II, Sec. 11, Const. P.R., L.P.R.A., Tomo 1, ed. 2008, pág. 343. Véanse, además: Pueblo v. Medina, Miró, 170 D.P.R. 628 (2007); Pueblo v. Hernández Santana, supra; Pueblo v. Rodríguez Zayas, supra.
Este asunto concierne también al Ministerio Público en la medida en que está obligado a presentar la evidencia necesaria para sustentar los cargos, así como al tribunal en su función de asegurar la ordenada tramitación de los casos sometidos para su consideración. Pueblo v. Medina, Miró, supra.
Luego de indagar el alcance de esta disposición con el beneficio de las discusiones pertinentes sostenidas por los miembros de la Asamblea Constituyente y los trabajos re-lacionados, hemos resuelto que la frase “doce vecinos del distrito”, corresponde al lugar o lugares “donde se cometió el delito” y no donde reside el acusado. (Enfasis en el original). Pueblo v. Medina, Miró, supra, pág. 643. Igual-mente, hemos dispuesto que “el acusado deberá ser juz-gado en el distrito judicial donde se alega por el Estado que ocurrieron los hechos delictivos”. (Enfasis en el original). Pueblo v. Hernández Santana, supra, pág. 583.
En Pueblo v. Medina, Miró, supra, atendimos la interro-gante atinente a la competencia judicial en el contexto de *798 un delito de omisión al no rendirse planillas de contribuciones. Resolvimos que, puesto que la obligación surgía en relación con el Secretario de Hacienda, cuyas oficinas principales estaban ubicadas en San Juan, se daba por cometido el delito en dicho municipio y correspondía a la Región Judicial de San Juan atender el caso. Por otra parte, la infracción tuvo lugar el 15 de abril por ser ésta la fecha límite fijada en ley para cumplir con la obligación tributaria.
IV
Al analizar la conducta punible imputada en este caso, conforme al Art. 255 del Código Penal, notamos que ésta incide en torno a funcionarios públicos que se aprovechan ilegalmente de trabajos o servicios de empleados que son, a la vez, sufragados con fondos gubernamentales.
Según explica la Prof. Dora Nevares-Muñiz al discutir el Art. 255 del Código Penal en su libro Nuevo código penal de Puerto Rico, 3ra ed., San Juan, Instituto para el Desa-rrollo del Derecho, 2008, pág. 335, se prohíbe al funciona-rio público beneficiarse “de forma ilícita de trabajos o ser-vicios pagados por el gobierno”. “Se trata de un delito cuyo efecto último es una apropiación indebida de fondos o pro-piedad del Estado Libre Asociado o sus dependencias e ins-trumentalidades, por cuanto se remunera a las personas que llevan a cabo el trabajo con esos fondos, en beneficio del acusado o de un tercero”. Id., págs. 336-337.
Aunque ciertamente el efecto palpable del beneficio de la actividad delictiva a favor del recurrido en este caso se evidencia en los alegados trabajos ejecutados en el potrero, no se dan por cometidos los delitos correspondientes hasta tanto se desembolsan fondos públicos en remuneración de los trabajos. La retribución por servicios no permisibles constituye un elemento esencial para que las denuncias prosperen. Dicho de otra manera, de no efectuarse el pago, *799 no surge infracción punible al amparo de los preceptos enumerados en las denuncias.
Quiere esto decir que, a pesar de que parte de los ele-mentos constitutivos de los delitos imputados sucedieron en Quebradillas, por el beneficio que ello alegadamente re-presentó para el señor Rodríguez, siendo el desembolso de los fondos públicos un factor determinante para su confi-guración, debemos concluir que los delitos alegados se con-sumaron posteriormente en San Juan.
En resumen, opinamos que parte de las violaciones al Art. 255 del Código Penal y al Art. 3.2(c) de la Ley de Ética Gubernamental, respectivamente, se produjeron en la me-dida en que el señor Rodríguez, en calidad de funcionario electo, alegadamente utilizó empleados públicos en Que-bradillas para adelantar sus intereses políticos personales. Del mismo modo, una vez la Oficina de Finanzas de la Cámara de Representantes en San Juan efectuó los pagos correspondientes a dicha labor, se concretó otro elemento esencial de los delitos imputados, detallados en las ocho denuncias sometidas en contra del recurrido.
Opinamos, por lo tanto, que para efectos de resolver cuál tribunal tiene competencia para atender los cargos que pesan sobre el señor Rodríguez, son de aplicación las disposiciones de la Regla 29 de Procedimiento Criminal, supra, que proveen situaciones que involucran delitos per-petrados en más de un distrito. Según advertimos anterior-mente, los elementos constitutivos de los delitos imputados contienen la alegada ejecución de actos tanto en Quebradi-llas como en San Juan.
Por consiguiente, conforme lo dispuesto en la Regla 29 de Procedimiento Criminal, supra, el Tribunal de Primera Instancia, Sala de San Juan, sí tenía competencia para presidir sobre el caso, por lo que no podía negarse a aten-derlo según hizo. Al existir competencias paralelas, el he-cho de que el caso se hubiese iniciado en San Juan por el FEI, obligaba a dicho foro a retenerlo, excepto que media- *800 ran razones de peso para solicitar el traslado conforme a lo provisto en la Regla 81 de Procedimiento Criminal, supra. A falta de éstas, erraron los tribunales recurridos en su proceder.
V
Por los fundamentos anteriormente esbozados, se expide el auto de “ certiorari” solicitado por el FEI y se revoca la Sentencia dictada por el Tribunal de Apelaciones el 29 de febrero de 2012. Se devuelve el caso al Tribunal de Primera Instancia, Sala de San Juan, para la continuación de los procedimientos conforme a lo aquí dispuesto.([3])

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton y la Juez Asociada Señora Rodríguez Rodríguez disintieron sin opinión escrita. La Jueza Asociada Señora Pabón Charneco no intervino.

(1) Art. V, See. 2, Const. P.R., L.P.R.A., Tomo 1, ed. 2008.

(2) Dicha regla provee lo siguiente:
“A solicitud de El Pueblo o del acusado, un tribunal ante el cual se hallare pendiente una causa criminal podrá trasladarla a otra sala por los siguientes funda-mentos:
“(a) Cuando por cualquier razón que no sea una de las enumeradas en la Regla 76 no pueda obtenerse un juicio justo e imparcial en el distrito donde está pendiente la causa.
“(b) Cuando por razón de desorden público que exista en el distrito no pueda obtenerse un juicio justo e imparcial para el acusado y El Pueblo con seguridad y rapidez.
“(c) Cuando la vida del acusado o de algún testigo pueda ponerse en peligro si se juzgare la causa en tal distrito.
“(d) Cuando en dicho distrito no pueda obtenerse un jurado para el juicio del acusado”. 34 L.P.R.A. Ap. II, R. 81.

(3) Cónsono con dicho dictamen, dejamos sin efecto nuestra Resolución de 21 de marzo de 2012, mediante la cual ordenamos la paralización de los procedimientos ante el tribunal a quo.