FÉLIX E. SEIJO ET AL., demandantes y recurridos, *v.* FRANCISCO MENDOZA h/n/c MUEBLERÍAS MENDOZA, demandado y recurrente.

*Número:* O-77-376          *Resuelto:* 16 de noviembre de 1977

492

*Francisco Torres Aguiar,* abogado del peticionario; *Juan E. Taboas Santiago,* abogado de los recurridos.

PER CURIAM: Ante el Tribunal de Distrito, Sala de Cayey, el 14 de enero de 1976, la recurrente obtuvo Sentencia a su favor de reposesión de unos bienes muebles contra el recurrido Félix E. Seijo, por incumplimiento de un contrato de venta condicional. (Rep. Núm. 75-406.) Dicho decreto se obtuvo cuando el recurrido Seijo, debidamente citado, no compareció personalmente a la vista señalada, limitándose a remitir un telegrama al magistrado interviniendo en el trámite Hon. Torres Rivera, que textualmente exponía: "Impo-

sibilidad asistir vista caso 75-406 Mueblería Mendoza v. Félix Seijo. Pido a su honor benevolencia y traslado caso pueblo Arecibo donde resido y están testigos caso. Remitiré certificado médico para estar ausente hoy." Este telegrama fue recibido por el Juez Torres con posterioridad a haberse dictado la orden de restitución, quien no dispuso nada sobre el particular. En consecuencia, la Sentencia de Reposesión se convirtió en final y firme, y en 30 de enero de 1976 oportunamente diligenciada, mediante la incautación de la mercancía.

■ Así las cosas, el 12 de mayo de 1976, Seijo—por sí y en representación de la Sociedad de Gananciales Seijo-Gautier y de sus hijas menores—presentó demanda de daños (Civil Número CS 76-1301) ante el Tribunal Superior, Sala de Arecibo, contra la recurrente (parte actora en el caso de reposesión) alegando esencialmente violación en el contrato de venta condicional por habérseles entregado mercancía distinta a la pactada y efectuádose un embargo negligente e improcedente. La demandada recurrente formuló moción de desestimación fundada en la defensa de cosa juzgada. La Sala de instancia la denegó bajo la tesis de que el Tribunal de Distrito de Cayey carecía de jurisdicción para entender y dilucidar el trámite de reposesión. En el presente recurso de revisión se cuestiona la corrección de dicho pronunciamiento; habiendo comparecido ambas partes, estimamos el caso sometido para decisión de conformidad a la Regla 50 de nuestro Reglamento.

■ Procede la revocación de la Resolución que nos ocupa. Bajo el diseño vigente constitucional de un sistema judicial unificado—según expuesto en *Gómez Hnos., Inc.* v. *Tribunal Superior*, 100 D.P.R. 625 (1972); *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 140 (1961) y *Pueblo* v. *Ortiz Marrero*, 106 D.P.R. 140 (1977), la radicación de un asunto en una sala de distinta competencia, no priva a dicho foro de jurisdicción: la falta de competencia no es defensa válida para la desestimación de la acción. En caso de estar envuelto

494

el traslado de la causa—como el de reposesión—procede su remisión al tribunal correspondiente mediante providencia *sua sponte* del magistrado o a instancia de parte; dictámenes que están sujetos a ser revisados en grado apelativo únicamente dentro del propio caso y procedimiento, y no colateralmente en acción distinta como lo sostuvo el Tribunal Superior, Sala de Arecibo, en la Resolución ante nuestra consideración.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Rigau no intervino.