EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Rial D/B/A Supermercados Econo Los Colobos<br><br>Peticionario<br><br>v.<br><br>Comisionado de Seguros de Puerto Rico<br><br>Recurrido | Certiorari<br><br>2023 TSPR 7<br><br>211 DPR ___ |

Número del Caso:  CC-2022-452


Fecha:  25 de enero de 2023


Tribunal de Apelaciones:

    Panel VII


Abogado de la parte peticionaria:

    Lcdo. Darío Rivera Carrasquillo


Abogados de la parte recurrida:

    Lcda. Marylin Aponte Nieves
    Lcdo. Juan C. Garay Massey


Materia:  Sentencia con Opinión de Conformidad.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| José Rial D/B/A Supermercado Econo Los Colobos<br><br>Peticionario<br><br>v.<br><br>Comisionado de Seguros de Puerto Rico<br><br>Recurrido | CC-2022-0452 | Certiorari |

Sentencia

En San Juan, Puerto Rico, a 25 de enero de 2023.

Esté Tribunal examinó la Petición de certiorari presentada por el Sr. José Rial D/B/A Supermercado Econo Los Colobos (parte peticionaria). Así las cosas, el 28 de octubre de 2022, emitimos una Resolución mediante la cual concedimos al Comisionado de Seguros de Puerto Rico (Comisionado) un término de veinte (20) días para que mostrara causa por la cual no debía revocarse la sentencia del Tribunal de Apelaciones en el caso de epígrafe. En respuesta, el Comisionado y Econo presentaron una *Moción conjunta solicitando se dicte sentencia ordenando el traslado del caso SJ2020CV03385 al Tribunal Supervisor de la liquidación de Integrand Assurance Company.*

Por entender que procede en Derecho el traslado del recurso de revisión presentado por la parte peticionaria,

así identificado con el alfanumérico SJ2020CV03385, al caso SJ2019CV05526 relacionado con la liquidación de Integrand Assurance Company, este Tribunal da por cumplida nuestra orden del 28 de octubre de 2022, se expide el recurso solicitado, se revocan las determinaciones de los foros recurridos y se ordena el traslado del recurso antes descrito a la sala correspondiente del Tribunal Supervisor.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emite una Opinión de Conformidad a la cual se une la Jueza Presidenta Oronoz Rodríguez.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| José Rial D/B/A Supermercado Econo Los Colobos<br><br>Peticionario<br><br>v.<br><br>Comisionado de Seguros de Puerto Rico<br><br>Recurrido | CC-2022-0452 | Certiorari |

Opinión de conformidad emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ, a la cual se une la Jueza Presidenta ORONOZ RODRÍGUEZ.

En San Juan, Puerto Rico, a 25 de enero de 2023.

Tenemos ante nuestra consideración una controversia que pone en tela de juicio la unificación de nuestro sistema de tribunales y hace necesario reafirmar nuestra política de minimizar la cantidad de recursos que son desestimados cuando existen alternativas viables para asegurar que los casos se vean en sus méritos. Con ello en mente, procedo a analizar esta controversia, no sin antes revisitar su desarrollo fáctico.

I

Este caso surgió como consecuencia de una reclamación por daños y perjuicios que instó el Sr. Efraín Birriel Colón en contra del Supermercado Econo Los Colobos (Econo) y su

aseguradora, Integrand Assurance Company (Integrand). Al momento en que se presentó tal demanda, Integrand se encontraba en medio de un proceso de liquidación cuyo caso se identificó con el alfanumérico SJ2019CV05526.

Por consiguiente, el 5 de marzo de 2020, se presentó un Formulario de reclamación de responsabilidad pública ante la Oficina del Comisionado de Seguros (Comisionado) relacionado con la demanda antes descrita. Esto, con el fin de notificar a la entidad encargada de la liquidación sobre la reclamación y solicitar la asignación de una representación legal para beneficio de Econo. Más adelante, el 5 de mayo de 2020, Econo dirigió una misiva al Lcdo. Juan A. Moldes Rodríguez, Liquidador Auxiliar de Integrand (Liquidador Auxiliar). Mediante esta, solicitó la reclasificación a Clase 3 de la reclamación antes mencionada, a la cual se le asignó originalmente la denominación de Clase 6 en la prioridad de distribución de reclamaciones contra el caudal de la aseguradora.

En respuesta, el Liquidador Auxiliar denegó la solicitud de reclasificación por esta ser tardía e informó, además, que Econo debía proveer su propia defensa legal en el caso instado en su contra. Finalmente, esta comunicación consignó lo siguiente:

> Se le advierte a la persona afectada por la presente determinación de su derecho a acudir en revisión de la misma ante el Tribunal Supervisor de la liquidación de Integrand Assurance Company,

dentro de los treinta (30) días de la notificación de esta comunicación.[1]

Acto seguido, Econo presentó un recurso de revisión ante el Tribunal de Primera Instancia, Sala Superior de San Juan. A este le fue asignado el alfanumérico SJ2020CV03385. En su recurso, Econo objetó la clasificación de su reclamación y la instrucción de adquirir su propia representación legal.[2]

Posteriormente, el Comisionado, por conducto del Liquidador Auxiliar, presentó una Moción de desestimación por falta de jurisdicción. En esta, argumentó que el tribunal carecía de jurisdicción sobre la persona y la materia para atender el recurso que presentó Econo. Explicó que la sala específica que está atendiendo la liquidación de Integrand, el Tribunal Supervisor, posee jurisdicción y competencia exclusiva sobre toda materia relacionada con la aseguradora. Sostuvo que Econo presentó su recurso ante otra sala, por lo que procedía la desestimación del caso.

En respuesta, Econo instó una Réplica en oposición a moción de desestimación por falta de jurisdicción y solicitud de desglose. Mediante esta, arguyó que el Comisionado no había provisto justificación alguna para comparecer de forma tardía y que el caso estaba listo para

_____

[1] Apéndice de certiorari, pág. 231.
[2] Más adelante, Econo presentó una Solicitud para que se resuelva revisión administrativa conforme a derecho a seis (6) meses de instado el recurso tras la incomparecencia del Comisionado.

adjudicación desde hacía meses. Señaló que presentó su recurso ante el Tribunal Superior de San Juan y que la solicitud estaba claramente dirigida a peticionar la revisión de la determinación del Liquidador Auxiliar. Alegó que, toda vez que el epígrafe de su recurso hacía referencia específica al caso civil de la liquidación, no entiende cómo se le asignó un alfanumérico distinto. Por consiguiente, sostuvo que lo que procedía era asignarle el número de caso correcto al recurso de revisión y trasladarlo al Tribunal Supervisor.

En su Urgente réplica a "oposición a 'moción de desestimación por falta de jurisdicción' y solicitud de desglose", el Comisionado afirmó que Econo contaba con la información para presentar el recurso ante la sala correcta, mas lo instó como un caso nuevo, con un epígrafe distinto y con el número de caso en blanco. Por su parte, Econo respondió con una Oposición a "urgente réplica" y solicitud de desglose.

Así las cosas, el Tribunal de Primera Instancia celebró una vista el 2 de agosto de 2021 y, el 10 de febrero de 2022, emitió una Sentencia en la cual desestimó el recurso de revisión. Expuso que las acciones de un Liquidador Auxiliar en el proceso de liquidación de una aseguradora insolvente están bajo la fiscalización exclusiva del Tribunal Supervisor y que, desde el 2019, ya estaba constituida tal sala en el proceso de liquidación de

Integrand con su número de caso civil específico. Destacó que Econo presentó su recurso como un caso nuevo y con un epígrafe distinto al del Tribunal Supervisor. Por tanto, concluyó que, toda vez que esa sala tiene jurisdicción y competencia exclusiva sobre todo asunto relacionado con la liquidación de Integrand, carecía de jurisdicción para atender el recurso de Econo.

Inconforme, Econo instó una Moción de reconsideración mediante la cual arguyó que tanto la determinación del Liquidador Auxiliar como la Sentencia del foro de primera instancia derrotaban la intención legislativa de proteger a los asegurados en el procedimiento de liquidación de una aseguradora. Señaló que era evidente que el recurso perseguía la revisión de la determinación del Liquidador Auxiliar. De este modo, reiteró sus argumentos sobre la procedencia del desglose de las solicitudes de desestimación y la anotación de rebeldía al Comisionado.

Por su parte, el Comisionado se opuso y reafirmó que Econo no perfeccionó su recurso conforme a Derecho. Eventualmente, el Tribunal de Primera Instancia declaró la solicitud de reconsideración no ha lugar.

En desacuerdo, Econo acudió ante el foro apelativo intermedio a través de un recurso de apelación en el cual objetó que el foro primario se declarara sin jurisdicción para considerar su recurso en los méritos y se negara, además, a desglosar los escritos de desestimación del

Comisionado. Reafirmó que la determinación del Tribunal de Primera Instancia demuestra que la solicitud de desestimación no se evaluó de la manera más favorable para Econo y que se desvirtuó el propósito protector de la legislación atinente. A su vez, insistió en que la intención de presentar el recurso ante el Tribunal Supervisor fue evidente en el propio escrito y que desestimar solo porque no se presentó en una sala específica excluía la posibilidad de hacer justicia sustancial en su caso.

En respuesta, el Comisionado presentó una <u>Moción de desestimación y alegato en oposición a la apelación</u>. En lo pertinente, argumentó que el foro primario no erró en desestimar el recurso de revisión y declararse sin jurisdicción, pues solo la sala a la cual le fue asignado el caso de liquidación posee jurisdicción y competencia sobre toda materia relacionada con la aseguradora en cuestión.

El 10 de junio de 2022, el Tribunal de Apelaciones emitió una <u>Sentencia</u> mediante la cual confirmó el dictamen del foro primario. Determinó que el Tribunal Supervisor posee jurisdicción exclusiva sobre todo asunto relacionado con una aseguradora en proceso de liquidación, razón por la cual Econo no podía presentar un pleito independiente para solicitar un remedio relacionado con Integrand. Señaló que Econo fue advertido de su derecho a solicitar la revisión ante el Tribunal Supervisor, mas presentó un recurso

independiente y no solicitó oportunamente el traslado del caso.

Finalmente, Econo compareció ante este Tribunal por conducto de una petición de certiorari en la cual reafirmó que los foros recurridos incidieron al declararse sin jurisdicción debido a una lectura inflexible del Derecho. Insistió en que del propio escrito de revisión surgía la intención de presentarse ante el Tribunal Supervisor, por lo que procedía referir el caso a la sala pertinente para que se viera en sus méritos.

El 28 de octubre de 2022, este Tribunal emitió una Resolución en la cual ordenamos al Comisionado a mostrar causa por la que no debíamos revocar la determinación del Tribunal de Apelaciones. En respuesta, el Comisionado y Econo comparecieron mediante una Moción conjunta solicitando se dicte sentencia ordenando el traslado del caso SJ2020CV03385 al Tribunal Supervisor de la liquidación de Integrand Assurance Company.

Contando así con la postura de ambas partes, procedo a repasar el estado de Derecho aplicable.

## II

### A.

Como se sabe, jurisdicción se refiere al "poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias". Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 385 (2020); González v. Mayagüez Resort &

_Casino_, 176 DPR 848, 854 (2009). Según lo establece nuestra Constitución, los tribunales de Puerto Rico son tribunales de jurisdicción general que tienen autoridad para entender en cualquier causa de acción que presente una controversia propia para la adjudicación. LPRA, Tomo 1, ed. 2016, pág. 354. Véase, _Beltrán Cintrón et al. v. ELA et al._, 204 DPR 89, 101 (2020); _Junta Dir. Cond. Montebello v. Fernández_, 136 DPR 223, 230 (1994). En armonía con ese precepto, la Regla 3.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 3.1, dispone, en lo pertinente, que el Tribunal General de Justicia tendrá jurisdicción "sobre todo asunto, caso o controversia que surja dentro de la demarcación territorial del Estado Libre Asociado de Puerto Rico".

Por consiguiente, al momento de auscultar su jurisdicción, todo tribunal debe "tener presente que nuestra Constitución dispone que los tribunales de Puerto Rico constituirán un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración". _Fuentes Bonilla v. ELA et al._, 200 DPR 364, 373 (2018). Es por esta razón que los tribunales ya no funcionan "como células u órganos separados e independientes". Íd., pág. 374.

Debido a esto, es necesario tener en mente que el ejercicio de la jurisdicción se organiza y canaliza a través de los foros judiciales mediante la competencia. _Horizon v. JTA. Revisora, RA Holdings_, 191 DPR 228, 235 (2014).

Entiéndase, son las reglas de competencia "las que establecen la ordenada tramitación de los asuntos judiciales dentro de nuestro sistema de jurisdicción unificada". <u>Lemar S.E v. Vargas Rosado</u>, 130 DPR 203, 207 (1992).

Por ende, hemos establecido que, si un juez se percata que, de la faz de la demanda, el recurso no se encuentra ante el tribunal competente, el foro judicial debe, <u>motu proprio</u>, trasladar el caso al tribunal con competencia. Íd., pág. 280. Adviértase, además, que bajo nuestro sistema judicial unificado, así diseñado constitucionalmente, "la radicación de un asunto en una sala de distinta competencia, no priva a dicho foro de jurisdicción: la falta de competencia no es defensa válida para la desestimación de la acción". <u>Seijo v. Mueblerías Mendoza</u>, 106 DPR 491, 493 (1997).

Ahora bien, la jurisdicción sobre la materia se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal. Si no hay jurisdicción sobre la materia entonces no existe autoridad y poder en el tribunal para entender en el asunto. <u>Shell v. Srio. Hacienda</u>, 187 DPR 109, 122 (2012). Como consecuencia, "[t]an pronto el tribunal determina que no tiene jurisdicción sobre la materia, está obligado a desestimar el caso". Íd., pág. 123.

**B.**

Debido a su gran importancia, su complejidad y el efecto que tiene en la economía y la sociedad, la industria

de seguros está revestida de un alto interés público y, consecuentemente, ha sido ampliamente reglamentada por el Estado. Maderas Tratadas v. Sun Alliance et al., 185 DPR 880, 896 (2012); Jiménez López et al. v. Simed, 180 DPR 1, 8 (2010). Tal reglamentación se codificó, principalmente, en el Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 et seq. (Código de Seguros).

En lo que concierne esta controversia, el Capítulo 40 del Código de Seguros, 26 LPRA sec. 4001 (1), "comprende las disposiciones referentes a la rehabilitación y liquidación de aseguradores". En específico, "[e]l propósito de este Capítulo es proteger los intereses de los asegurados, reclamantes, acreedores y el público en general con un mínimo de intervención en las prerrogativas normales de los dueños y la gerencia de los aseguradores". 26 LPRA sec. 4001 (4). Entiéndase, el "propósito principal de esta legislación [es] proveer un método justo y equitativo para la distribución de los activos de un asegurador en quiebra". Asoc. de Garantía v. Commonwealth Ins. Co., 114 DPR 166, 173 (1983).

Una vez iniciado este procedimiento, se entiende que ningún tribunal tiene jurisdicción para "considerar, celebrar vistas o llegar a determinaciones sobre ninguna acción donde se solicite la disolución liquidación, rehabilitación, embargo, conservación o administración de

un asegurador o donde se solicite un interdicto u orden restrictiva u otro remedio preliminar, incidental o con relación a tal procedimiento". 26 LPRA sec. 4004 (2). Sin embargo, "[c]ualquier acción así autorizada **deberá radicarse y ser asignada** al Tribunal de Primera Instancia, Sala de San Juan, a la cual se le haya asignado el procedimiento de rehabilitación o liquidación". (Negrillas suplidas). 26 LPRA sec. 4004 (5).

De esta forma, "[u]na orden para liquidar los negocios de un asegurador del país designará al Comisionado, y a sus sucesores en el cargo, como liquidador y lo autorizará para tomar posesión inmediata de los activos del asegurador y para administrarlos bajo la supervisión general exclusiva del Tribunal Supervisor". 26 LPRA sec. 4015 (1). Por consiguiente, "[c]ualquier orden emitida conforme a este Artículo requerirá que el liquidador rinda cuentas únicamente al tribunal". 26 LPRA sec. 4015 (5).

El Código de Seguros, 26 LPRA sec. 4003 (24), define "Tribunal Supervisor" como "el salón de sesiones del Tribunal de Primera Instancia, Sala de San Juan al cual ha sido asignado el procedimiento de liquidación o rehabilitación".

Según el Artículo 40.350,

(1) Cuando el liquidador, deniegue total o parcialmente una reclamación, la determinación se notificará por escrito al reclamante, o a su representante, por correo de primera clase a la dirección indicada en

> el formulario de reclamación. Dentro de treinta (30) días después del envío por correo de la notificación, el reclamante podrá presentar sus objeciones al liquidador. Si no se hace tal presentación, el reclamante ya no podrá objetar la determinación.
>
> (2) De la determinación del liquidador el reclamante podrá recurrir en revisión al Tribunal Supervisor. 26 LPRA sec. 4036.

Por último, "[e]l procedimiento de liquidación de un asegurador insolvente es un procedimiento especial de naturaleza estatutaria, por lo que la jurisdicción de los tribunales está limitada por el estatuto que la rige". Intaco Equipment Corp. v. Arelis Const., 142 DPR 648, 651 (1997). En el caso antes citado, este Tribunal se encontró con una demanda civil en contra de una aseguradora que, posterior a la presentación de la reclamación, fue colocada bajo un proceso de liquidación. En aquel entonces determinamos que "el historial legislativo del Capítulo 40 del Código de Seguros indica que las acciones contra un asegurador en proceso de liquidación **deben remitirse al procedimiento de liquidación bajo la supervisión del tribunal con jurisdicción sobre el mismo**". (Negrillas suplidas). Íd., pág. 652.

Expuesto el Derecho atinente, procedemos a evaluar su aplicación a esta controversia.

**III**

En su petición de certiorari, Econo sostiene que los tribunales recurridos erraron al desestimar su recurso. En

específico, argumenta que la intención de presentar su solicitud de revisión ante la sala y el caso correspondiente a la liquidación de Integrand era evidente, por lo que tal hecho debió pesar sobre los foros inferiores para que refirieran su recurso al Tribunal Supervisor para su adjudicación en los méritos.

Tras una orden dirigida a requerir que el Comisionado expusiera su postura, este comparece mediante una moción en la que, junto a Econo, solicita que

> se dicte sentencia ordenando el traslado del caso civil número SJ2020CV03385 a la atención del Tribunal Supervisor del procedimiento de liquidación de Integrand Assurance Company, caso SJ2019CV05526, con la encomienda de que dicho foro acoja el recurso de revisión administrativa presentado por la parte peticionaria, conceda un término razonable a la parte recurrida para que fije posición en torno a los méritos de dicho recurso y adjudique los méritos del recurso.[3]

Conforme se relató, tras una determinación del Liquidador Auxiliar de Integrand que Econo halló insatisfactoria, este optó por ejercer su derecho a solicitar la revisión por la vía judicial. En consecuencia, Econo presentó su recurso de revisión ante el Tribunal de Primera Instancia, Sala Superior de San Juan, a través del Sistema Unificado de Manejo y Administración de casos (SUMAC). Sin embargo, Econo dejó en blanco el área dedicada

---

[3]*Moción conjunta solicitando se dicte sentencia ordenando el traslado del caso SJ2020CV03385 al Tribunal Supervisor de la liquidación de Integrand Assurance Company*, pág. 1.

en el epígrafe a identificar el "Civil núm." del caso. Ahora bien, es imperativo señalar que, en el mismo epígrafe, Econo consignó el asunto del recurso como sigue:

> Sobre:
> Revisión administrativa sobre determinación hecha por el Liquidador Auxiliar de Integrand Assurance, Caso Civil Núm. SJ2019CV05526.[4]

Asimismo, el cuerpo del recurso identificó la determinación sobre la cual se solicitaba la revisión como aquella emitida por el Liquidador Auxiliar de Integrand el 29 de mayo de 2022, en la cual este denegó su solicitud de reclasificación, concluyó que las reclamaciones eran tardías e informó que no se estaría asumiendo la representación legal de Econo en la demanda instada en su contra. Una lectura del recurso revela, además, un recuento detallado de los pormenores del caso y el Derecho aplicable, con una cita específica dedicada al procedimiento a seguir cuando se está inconforme con una determinación del Liquidador Auxiliar y se pretende solicitar la revisión judicial. Entiéndase, se desprende diáfanamente la intención de Econo de instar un recurso de revisión en el caso de liquidación de Integrand en acuerdo con lo dispuesto en la reglamentación atinente.

Ahora bien, persiste el hecho de que el recurso fue acogido por el sistema de SUMAC como un caso nuevo y se cobraron los aranceles correspondientes a ello, por lo que,

---

[4]Apéndice de certiorari, pág. 32.

consecuentemente, fue asignado en Secretaría un número diferente al de la liquidación y asignado a una sala distinta. A juicio del Tribunal de Primera Instancia y el Tribunal de Apelaciones, esto les impedía hacer alguna otra cosa que no fuera desestimar el recurso. Ello, por entender que todo asunto relacionado con la liquidación de una aseguradora es de jurisdicción y competencia exclusiva del Tribunal Supervisor.

Según se señaló anteriormente, una vez el Comisionado asume control de los asuntos de la aseguradora en liquidación y se designa un Liquidador Auxiliar para que tome determinaciones sobre este procedimiento, sus decisiones están bajo la **supervisión general exclusiva** de la sala específicamente denominada como Tribunal Supervisor. El propio Código de Seguros, supra, define este foro como un salón de sesiones del Tribunal de Primera Instancia, Sala de San Juan. Es decir, se trata de una sala situada en el mismo Tribunal ante el cual Econo presentó su recurso y no uno independiente o especializado con su propia Secretaría.

Este detalle es de importancia particular al recordar que nuestro sistema de tribunales opera bajo una estructura unificada en lo que concierne a la jurisdicción. Entiéndase, si bien la sala del Tribunal de Primera Instancia a la que fue asignado el caso estaba vedada de adentrarse en los méritos del recurso presentado por Econo, nada impedía que esta lo refiriera a la sala del Tribunal Supervisor que sí

posee la **competencia** para entender la controversia. Esto, pues, al tratarse de un recurso presentado ante la Secretaría del Tribunal Supervisor y que, a su vez, cuenta con una descripción extensa que no deja lugar a dudas sobre la determinación a revisarse y el foro destinatario, no hay razón para no autorizar un traslado a la sala específica que, dentro del mismo tribunal, atiende la controversia.[5]

Ante la existencia de una alternativa viable para propiciar el cumplimiento con el principio cardinal de que los recursos se vean en sus méritos, no procedía la desestimación del recurso. Como bien señaló Econo desde el principio --y a lo que el Comisionado ahora se allanó--, la sana administración de la justicia exigía que el recurso se remitiera a la sala que supervisa el procedimiento de liquidación. En fin, ante un error en la designación de un caso, el cual contrasta de forma evidente con la intención de la parte y, además, se produce dentro de un sistema de justicia unificado, nada prohibía que la sala que recibió el recurso autorizara su traslado a la sala correcta sin violar mandato legislativo alguno de supervisión exclusiva sobre la controversia.

**IV**

---

[5]De hecho, según se mencionó anteriormente, el propio Tribunal de Apelaciones reconoció en su Sentencia la posibilidad de un traslado, pero se limitó a identificarla como una deficiencia en la estrategia de Econo por no haber sido oportuno al solicitarla.

Por los fundamentos antes expresados, estoy conforme con que se revoquen las determinaciones de los foros recurridos y, en consecuencia, ordenemos el traslado del recurso de revisión asignado el número de caso SJ2020CV03385 a la sala del Tribunal Supervisor a cargo de la liquidación de Integrand, así identificado con el alfanumérico SJ2019CV05526, para que sea atendido en los méritos.

Luis F. Estrella Martínez
Juez Asociado