ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **MARTÍN DÍAZ ORTIZ**<br><br>Apelante<br><br>v.<br><br>**Mr. RAFAEL ANGEL AYALA RIOS & JOSIAN PAGÁN HERNÁNDEZ and LUIS COLÓN CORTÉS and ACUEDUCTOS Y ALCANTARILLADOS**<br><br>Apelados | TA2026AP00087 | **APELACION**<br>procedente del Tribunal de Primera Instancia, Centro Judicial de **Ponce**<br><br>Civil Núm.:<br>**PO2024CV02339**<br><br>Sobre:<br>Complaint for Constructive Trus |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 18 de marzo de 2026.

Comparece el señor Martín Díaz Ortiz (Sr. Díaz Ortiz o parte apelante), por derecho propio e *in forma pauperis*,[1] mediante un recurso de apelación en el que nos solicita que dejemos sin efecto una *Sentencia* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce, el 15 de diciembre de 2025.[2] Por medio de dicho dictamen, el foro primario declaró Ha Lugar una *Moción en solicitud de la desestimación de la demanda* presentada por el señor Rafael A. Ayala Ríos (Sr. Ayala Ríos), el señor Josian Pagán Hernández (Sr. Pagán Hernández) y el señor Luis Colón Cortés (Sr. Colón Cortés) (en conjunto, parte apelada) el 3 de septiembre de 2025.[3] En su consecuencia, el TPI desestimó la demanda de epígrafe sin perjuicio.

---

[1] Por medio de la *Resolución* emitida el 27 de enero de 2026, autorizamos la comparecencia del Sr. Díaz Ortiz *in forma pauperis*.
[2] Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI, Entrada Núm. 79. Notificada y archivada en autos el 15 de diciembre de 2025.
[3] *Íd.*, Entrada Núm. 61.

Por su parte, la parte apelada presentó una *Moción de desestimación* el 13 de febrero de 2026.

Por los fundamentos que expondremos a continuación, declaramos No Ha Lugar la *Moción de desestimación* y confirmamos la *Sentencia* apelada.

**I.**

El caso de marras tiene su génesis el 20 de agosto de 2024 cuando el Sr. Díaz Ortiz presentó una demanda, *in forma pauperis*, contra la parte apelada y la Autoridad de Acueductos y Alcantarillados (AAA).[4] Arguyó que violaron la fe pública y realizaron actos de conspiración para sobornar, defraudar y llevar a cabo extorsión mediante engaño. Además, expuso el Sr. Díaz Ortiz que lo amenazaron de mantener como rehén el servicio de agua por un incidente ocurrido el 7 de septiembre de 2023. Por tal razón, suplicó del foro primario una indemnización de $500,000.00 en concepto de daños sufridos.

Luego de múltiples trámites procesales, el 16 de junio de 2024, el foro *a quo* radicó una *Resolución Anotación de Rebeldía* contra la parte apelada por no haber presentado alegación responsiva ni dispositiva.[5]

Además, ese mismo día, el foro primario emitió una *Sentencia Parcial* donde ordenó la desestimación y archivo de la demanda de epígrafe, sin perjuicio, respecto a la AAA.[6] Ello debido a que la AAA no fue debidamente emplazada dentro de los 120 días, conforme a la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c).

El 24 de junio de 2025 y el 1 de julio de 2025, el Sr. Colón Cortés y el Sr. Ayala Ríos presentaron sus respectivas solicitudes de relevo de anotación de rebeldía bajo el fundamento de que era la

---

[4] *Íd.*, Entrada Núm. 1; véase además, *Íd.*, Entrada Núm. 2.
[5] *Íd.*, Entrada Núm. 25; *Íd.*, Entrada Núm. 26; *Íd.*, Entrada Núm. 27.
[6] *Íd.*, Entrada Núm. 29. Notificada y archivada en autos el 16 de junio de 2025.

AAA quien debía ser la parte demandada en el presente caso y no ellos en su carácter personal.[7]

Posteriormente, ambos también radicaron una *Moción de desestimación* el 9 de julio de 2025 y el 10 de julio de 2025, respectivamente.[8] Mediante estas, sostuvieron que, según las alegaciones de la demanda, la AAA era parte indispensable, empero no se había asumido jurisdicción sobre ella. Por otro lado, arguyeron que el Sr. Díaz Ortiz levantó los mismos planteamientos del caso de epígrafe ante la AAA, más la querella administrativa fue desestimada con perjuicio. Por tal razón, solicitaron del foro *a quo* la desestimación de la demanda, al amparo de la Regla 10.2(6) de Procedimiento Civil, *supra*, R. 10.2(6), y la doctrina de cosa juzgada.

Ulteriormente, el 3 de septiembre de 2025, la parte apelada presentó una *Moción en solicitud de desestimación* por la que expandió sus argumentos sobre el asunto de la jurisdicción por cosa juzgada y falta de parte indispensable.[9]

Por un lado, la parte apelada expuso que, el 7 de septiembre de 2023, la AAA notificó al Sr. Díaz Ortiz que utilizó agua en una residencia localizada en la Urb. Villa Carmen 2306 Calle Turabo en Ponce, sin estar debidamente registrado para ello. Por ende, la AAA imputó unos cargos y penalidades en su contra. Adujo que, ante una solicitud de revisión por parte del Sr. Díaz Ortiz, la AAA ajustó la multa, mantuvo los demás cargos iguales, y señaló una vista administrativa. No obstante, arguyó la parte apelada, que el Sr. Díaz Ortiz no compareció a la misma ni justificó su incomparecencia. En su consecuencia, la agencia administrativa desestimó el pleito con perjuicio, y, dicha determinación advino final y firme.

---

[7] *Íd.*, Entrada Núm. 32; *Íd.*, Entrada Núm. 35.
[8] *Íd.*, Entrada Núm. 41; *Íd.*, Entrada Núm. 42.
[9] *Íd.*, Entrada Núm. 61; véase además, *Íd.*, Entrada Núm. 63.

Por otro lado, la parte apelada reiteró que la AAA era parte indispensable, debido a que las peticiones realizadas por el Sr. Díaz Ortiz incidían sobre las facultades de dicha agencia tales como suplir agua potable; imponer cargos y gastos administrativos; cobrar por agua utilizada sin facturar, entre otras.

El 15 de diciembre de 2025, el foro primario emitió la *Sentencia*[10] apelada por la que declaró Ha Lugar la solicitud de desestimación presentada por la parte apelada el 3 de septiembre de 2025.

Inconforme, el Sr. Díaz Ortiz presentó un recurso de apelación ante nos el 21 de enero de 2026 y le imputó al TPI los siguientes señalamientos de error:

**I. EL FORO PRIMARIO ERRÓ AL NO REALIZAR DETERMINACIONES DE HECHOS Y CONCLUSIONES DE DERECHO (REGLA 43.1)[.]**

**II. EL FORO PRIMARIO APLICÓ INCORRECTAMENTE LA REGLA 4.3(C) AL DESESTIMAR [EL PLEITO CONTRA] LA AAA, A PESAR DE [LA EXISTENCIA] DE JUSTA CAUSA[.]**

**III. EL FORO PRIMARIO SELECTIVAMENTE APLICÓ LA REGLA 45.1 E IGNORÓ LOS INCUMPLIMIENTOS DE LOS DEMANDADOS[.]**

**IV. EL FORO PRIMARIO ABUSÓ DE SU DISCRECIÓN AL LEVANTAR LA ANOTACIÓN DE REBELDÍA EN AUSENCIA de PRUEBA JURAMENTADA (REGLA 45.2)[.]**

**V. EL FORO PRIMARIO APLICÓ INCORRECTAMENTE LA DOCTRINA DE PARTE INDISPENSABLE.**

**VI. EL MOMENTO DE LA ACCIÓN JUDICIAL LUEGO DE LA QUEJA DIRIGIDA A LA JUEZA ADMINISTRADORA CREA UNA APARIENCIA DE PARCIALIDAD.**

**VII. EL FORO PRIMARIO FALLÓ AL NO ATENDER LAS DECLARACIONES JURADAS DEL DEMANDANTE/APELANTE[.]**[11]

---

[10] *Íd.*, Entrada Núm. 79. Notificada y archivada en autos el 15 de diciembre de 2025.

[11] SUMAC del Tribunal de Apelaciones, Entrada Núm. 1, págs. 14-15. Los errores planteados por el Sr. Díaz Ortiz fueron los siguientes:

I. THE SUPERIOR COURT ERRED BY FAILING TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW (RULE 43.1)[.]

(Traducción suplida).

De igual modo, el Sr. Díaz Ortiz solicitó que se revocara la desestimación de la demanda contra la AAA; se dejara sin efecto la orden levantando la anotación de rebeldía llevada a cabo contra la parte apelada; y se reasignara el caso a un juez diferente al que emitió el dictamen apelado.

El 13 de febrero de 2026, la parte apelada radicó una *Moción de desestimación* por incumplimiento con los términos estatutarios para la presentación del recurso de apelación y apuntaló a varias deficiencias en el recurso. Por otro lado, sostuvo la parte apelada que procedía confirmar la *Sentencia* apelada, pues el Sr. Díaz Ortiz dejó de acumular una parte indispensable, y la controversia del presente pleito versaba sobre un asunto administrativo que nunca fue revisado.

Contando con el expediente ante nos, al igual que el beneficio de la comparecencia de ambas partes, procedemos a disponer del presente recurso, no sin antes delimitar la normativa jurídica aplicable.

**II.**

**A.**

Bajo nuestro ordenamiento jurídico, una persona puede solicitar la desestimación de una demanda presentada en su contra

---

II. THE SUPERIOR COURT MISAPPLIED RULE 4.3(C) BY DISMISSING AAA DESPITE GOOD CAUSE[.]

III. THE SUPERIOR COURT SELECTIVELY ENFORCED RULE 45.1 AND IGNORED DEFENDANT'S DEFAULTS[.]

IV. THE SUPERIOR COURT ABUSED ITS DISCRETION BY LIFTING DEFAULT WITHOUT SWORN EVIDENCE (RULE 45.2)[.]

V. THE SUPERIOR COURT IMPROPERLY APPLIED THE INDISPENSABLE-PARTY DOCTRINE[.]

VI. THE TIMING OF JUDICIAL ACTION FOLLOWING THE COMPLAINT TO THE CHIEF JUDGE CREATES THE APPEARANCE OF BIAS[.]

VII. THE SUPERIOR COURT FAILED TO ADDRESS THE PLAINTIFF/APELLANT'S UNREBUTTED SWORN AFFIDAVITS[.]

"cuando surja de las alegaciones de la demanda que alguna defensa afirmativa derrotará la pretensión del demandante". *Eagle Security Police, Inc., v. Dorado*, 211 DPR 70, 83 (2023); Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2. A esos efectos, la Regla 10.2 de Procedimiento Civil, *supra*, fija los siguientes fundamentos para solicitar la desestimación: "(1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) **dejar de acumular una parte indispensable**". (Énfasis suplido).

"La indispensabilidad de una parte deviene del mandato constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley". *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Estado Libre Asociado*, 211 DPR 26 (2023) (R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 6ª ed. rev., San Juan, LexisNexis de Puerto Rico, 2017, pág. 165). Este precepto, conforme a la Regla 16.1 de Procedimiento Civil, *supra*, R. 16.1, trata de "personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, [por tanto,] se harán partes y se acumularán como demandantes o demandadas, según corresponda".

Al tratarse de un interés tan fundamental, la comparecencia de la parte constituye una defensa irrenunciable que puede presentarse en cualquier momento e incluso los tribunales apelativos podemos levantarla *motu proprio*. *Departamento de Asuntos del Consumidor v. Luma Energy, LLC*, 2025 TSPR 126, pág. 15; véase además, Regla 10.2 de Procedimiento Civil, *supra*. Ello, pues "toda sentencia dictada en ausencia de una parte indispensable es nula, pues priva al tribunal de jurisdicción sobre

la persona sobre la cual se pretende hacer valer un dictamen". *Departamento de Asuntos del Consumidor v. Luma Energy, LLC, supra,* pág. 15. Asimismo, es harto conocido que la ausencia de jurisdicción conlleva varias consecuencias; a saber, "que no sea susceptible de ser subsanada; que las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; la nulidad de los dictámenes emitidos; la imposición a los tribunales del ineludible deber de auscultar su propia jurisdicción; la obligación a los tribunales apelativos de examinar la jurisdicción del foro de donde procede el recurso[;] y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020). Nótese, no obstante, que la desestimación por dejar de acumular a una parte indispensable no tiene el efecto de una adjudicación en los méritos. Regla 39.2 de Procedimiento Civil, *supra,* R. 39.2.

Ahora bien, al momento de determinar si una persona es parte indispensable en un pleito, "se requiere un enfoque pragmático e individualizado, a tenor con las particularidades de cada caso. A tal efecto, el tribunal deberá examinar los intereses implicados y distinguir entre los diversos géneros de casos. Ello 'exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clases de derechos, intereses en conflicto, resultado y formalidad'. A su vez, se deberá auscultar si el tribunal 'podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente' ". *FCPR v. ELA et al.,* 211 DPR 521, 531-532 (2023) (citas omitidas). Además, el interés común de dicha persona debe ser real e inmediato, y no puede estar basado en especulaciones ni eventos futuros. *García Colón v. Sucn. González,* 178 DPR 527, 548-549 (2010).

**B.**

El emplazamiento es el mecanismo procesal por el que se informa a la parte demandada sobre la existencia de una acción judicial radicada en su contra y se le requiere que comparezca para presentar la alegación correspondiente. *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.*, 213 DPR 481, 487 (2024). Por medio del emplazamiento, se adquiere jurisdicción sobre la persona del demandado, y, por ello, los demandados poseen un derecho a ser emplazados conforme a derecho. *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015).

A esos efectos, la Regla 4 de Procedimiento Civil, *supra*, R. 4, regula el proceso y las formalidades del emplazamiento en los casos civiles. *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.*, *supra*, pág. 488. En particular, la Regla 4.3(c) de Procedimiento Civil, *supra*, dispone lo siguiente con relación a las consecuencias de no diligenciar el emplazamiento dentro del plazo establecido:

> (c) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

**C.**

" '[E]s nota constitutiva de la justicia el tiempo oportuno, por lo que una dilación en la respuesta judicial puede ser una fuente de injusticia' ". *Rivera Figueroa v. Joe's Eurpean Shop*, 183 DPR 580, 587 (2011) (*citando a* R.L. Vigo, *Ética y responsabilidad judicial*,

Buenos Aires, Rubinzal-Culzoni Editores, pág. 38). En otras palabras, justicia tardía constituye la denegación de esta. *Rivera Figueroa v. Joe's Eurpean Shop, supra*, pág. 587. En ese sentido, la Regla 45.1 de Procedimiento Civil, *supra*, R. 45.1, dispone que cuando una parte no contesta la demanda o no se defiende, el tribunal puede anotarle la rebeldía por iniciativa propia o por solicitud de parte. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1068 (2019); *Banco Popular v. Andino Solís*, 192 DPR 172, 178-179 (2015). Específicamente, la Regla 45.1 de Procedimiento Civil, *supra*, dispone que:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

El propósito de dicha anotación es "desalentar el uso de la dilación como estrategia de litigación". *Rivera Figueroa v. Joe's Eurpean Shop, supra*, pág. 587. Es decir, "opera como remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse". *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 101 (2002). Como consecuencia, "se dan por admitidas todas las alegaciones sobre hechos correctamente alegados y la causa de acción podrá continuar dilucidándose sin que el demandado participe". *González Pagán v. Moret Guevara, supra*, pág. 1069.

Cuando la parte no puede utilizar la Regla 45.1 de Procedimiento Civil, *supra,* para obtener el levantamiento de la anotación de rebeldía en su contra, necesita probar la "causa justificada" requerida por la Regla 45.3 de Procedimiento Civil, *supra,* R. 45.3. *Rivera Figueroa v. Joe's Eurpean Shop, supra,* pág. 593. Es decir, "podría presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo". *Rivera Figueroa v. Joe's Eurpean Shop, supra,* pág. 593.

**D.**

Por último, las sentencias dictadas por los tribunales deben cumplir con ciertas exigencias de forma. *Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687, 700 (2019). A tales efectos, la Regla 42.2 de Procedimiento Civil, *supra,* R. 42.2, expone que "[e]n todos los pleitos, el tribunal especificará los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda". Sin embargo, dicha regla también indica que:

> No será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho:
> (a) **al resolver mociones bajo las Reglas 10** ó 36.1 y 36.2, o al resolver cualquier otra moción, excepto lo dispuesto en la Regla 39.2;
> (b) en casos de rebeldía;
> (c) cuando las partes así lo estipulen, o
> (d) cuando el tribunal así lo estime por la naturaleza de la causa de acción o el remedio concedido en la sentencia.
> En los casos en que se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal determinará los hechos en conformidad con la Regla 36.4.

(Énfasis suplido).

**III.**

En el presente caso, el foro primario declaró Ha Lugar la *Moción en solicitud de la desestimación de la demanda* presentada por la parte apelada el 3 de septiembre de 2025, y en su consecuencia, desestimó sin perjuicio la demanda de epígrafe. Fundamentó su determinación en que la AAA era parte indispensable en el pleito dado a que cualquier dictamen que tomara iba a incidir sobre las facultades y deberes delegados a dicha entidad.

Inconforme, el Sr. Díaz Ortiz sostuvo que el TPI incidió al fallar en atender sus declaraciones juradas y no realizar determinaciones de derecho, al igual que conclusiones de derecho, conforme la Regla 43.1 de Procedimiento Civil, *supra*, R. 43.1. Además, sostuvo que el foro primario erró al desestimar la demanda contra la AAA, al amparo de la Regla 4.3(c) de Procedimiento Civil, *supra*; y al aplicar incorrectamente la doctrina de parte indispensable. Asimismo, el Sr. Díaz Ortiz arguyó que erró el foro *a quo* al selectivamente aplicar la Regla 45.1 de Procedimiento Civil, *supra*; y levantar la anotación de rebeldía realizada contra la parte apelada, conforme a la Regla 45.2 de Procedimiento Civil, *supra*, R. 45.2. Por último, sostuvo que el juez a cargo del pleito actuó parcializado, por lo que solicitó una reasignación de magistrado.

Por su parte, la parte apelada solicitó la desestimación del recurso de apelación por incumplimiento con los términos estatutarios para la presentación del mismo. Específicamente, expresó que la *Sentencia* apelada fue notificada el 15 de diciembre de 2025, pero no fue hasta el 23 de enero de 2026 que la parte apelada presentó el recurso de apelación; es decir, en exceso a los treinta (30) días dispuestos en nuestro ordenamiento. De igual modo, apuntaló a varias deficiencias en el recurso. Por otro lado, sostuvo la parte apelada que procedía confirmar la *Sentencia*

apelada, pues el Sr. Díaz Ortiz dejó de acumular una parte indispensable, y la controversia del presente pleito versaba sobre un asunto administrativo que nunca fue revisado.

Como asunto de umbral, es meritorio aclarar que el Sr. Díaz Ortiz presentó mociones con su propia huella, firma y sello,[12] empero las mismas no constituyeron declaraciones juradas. Ello, ya que no fueron otorgadas ante un notario, quien cuenta con la facultad en ley para dar fe notarial sobre las declaraciones que brinde el requirente. Asimismo, se desprende de la *"Ley Notarial de Puerto Rico"*, Ley Núm. 75 del 2 de julio de 1987, según enmendada, 4 LPRA sec. 2091; "[s]ólo los Notarios podrán dar testimonio de hechos, actos o contratos de mero interés particular sin perjuicio de lo dispuesto en cualesquiera leyes vigentes". Aun cuando no fuesen declaraciones juradas, del expediente y la *Sentencia* apelada surge que el foro primario examinó las mociones presentadas por el Sr. Díaz Ortiz, y, en su consecuencia, informó estar enterado. De igual modo, concedió los términos correspondientes, con el propósito de continuar los procedimientos del pleito de marras. Por tal razón, el TPI no cometió el <u>séptimo</u> planteamiento error.

Según pormenorizamos anteriormente, "[e]n todos los pleitos, el tribunal especificará los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda". Regla 42.2 de Procedimiento Civil, *supra*. No obstante lo anterior, "[n]o será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho" cuando, entre otras razones, el tribunal resuelve mociones bajo la Regla 10 de Procedimiento Civil, *supra*, R. 10. En

---

[12] SUMAC del TPI, Entrada Núm. 1; *Íd.*, Entrada Núm. 22; *Íd.*, Entrada Núm. 24; *Íd.*, Entrada Núm. 31; *Íd.*, Entrada Núm. 37; *Íd.*, Entrada Núm. 43; *Íd.*, Entrada Núm. 46; *Íd.*, Entrada Núm. 52; *Íd.*, Entrada Núm. 57; *Íd.*, Entrada Núm. 63; *Íd.*, Entrada Núm. 69; *Íd.*, Entrada Núm. 70; *Íd.*, Entrada Núm. 71; *Íd.*, Entrada Núm. 72; *Íd.*, Entrada Núm. 73; *Íd.*, Entrada Núm. 78; *Íd.*, Entrada Núm. 81; *Íd.*, Entrada Núm. 83; *Íd.*, Entrada Núm. 86.

el presente caso, el Sr. Díaz Ortiz expresó que el foro primario no realizó determinaciones de hechos y conclusiones de derecho en la *Sentencia* apelada, al amparo de la Regla 43.1 de Procedimiento Civil, *supra*. Sin embargo, como dicha sentencia fue resuelta conforme a la Regla 10 de Procedimiento Civil, *supra*, el foro *a quo* no estaba obligado a delinear las determinaciones de hechos. Tampoco tenía una obligación de incluir las conclusiones de derecho, empero de la decisión apelada se desprende que, el TPI realizó las mismas fundamentando así la desestimación por falta de parte indispensable, según la Regla 10.2(6) de Procedimiento Civil, *supra*.

En síntesis, el foro primario reiteró que, previo a emitir la *Sentencia* apelada, dictó una *Sentencia Parcial* el 16 de junio de 2024 desestimando sin perjuicio el pleito de epígrafe contra la AAA dado a que el Sr. Díaz Ortiz no emplazó a la agencia administrativa dentro del término dispuesto en la Regla 4.3(c) de Procedimiento Civil, *supra*. Sostuvo que la norma procesal de una parte indispensable respondía al derecho constitucional de que ninguna persona debía ser privada de su propiedad ni libertad sin un debido proceso de ley. En particular, expuso lo siguiente:

> [E]ntendemos que en el caso de epígrafe el tribunal no puede hacer justicia y conceder un remedio final y completo a las partes sin afectar los intereses de la AAA. *RPR & BJJ Ex Parte*, *supra*, pág. 408. Lo antes enunciado, pues es la agencia facultada en ley y es sobre su actuación a través de sus empleados que se presenta la acción de epígrafe. De este modo, cualquier determinación que tomemos incide sobre las facultades y deberes delegados a la AAA. Siendo norma reiterada que, la ausencia de una parte indispensable tiene el efecto de privar al tribunal de jurisdicción para considerar la controversia, determinamos que la acción de epígrafe debe ser desestimada. RPR & BJJ Ex Parte, supra, pág. 408.[13]

Por lo tanto, el foro *a quo* no incidió en el <u>primer</u> señalamiento de error; es decir, al no realizar las determinaciones de hechos.

---

[13] *Íd.*, Entrada Núm. 79, pág. 9.

Por otro lado, según delimitamos en la sección anterior, una parte indispensable es aquella que posee un interés común sin cuya presencia no puede adjudicarse la controversia. Regla 16.1 de Procedimiento Civil, *supra*; *Deliz et als. v. Iguartúa et als.*, 158 DPR 403, 432 (2003). Nuestro más alto foro ha enfatizado que por ser un interés tan fundamental, la comparecencia de la parte indispensable constituye una defensa irrenunciable que puede presentarse en cualquier momento e incluso los tribunales apelativos podemos levantarla *motu proprio*. *Departamento de Asuntos del Consumidor v. Luma Energy, LLC, supra*, pág. 15; véase además, Regla 10.2 de Procedimiento Civil, *supra*. Ello, pues "toda sentencia dictada en ausencia de una parte indispensable es nula, pues priva al tribunal de jurisdicción sobre la persona sobre la cual se pretende hacer valer un dictamen". *Departamento de Asuntos del Consumidor v. Luma Energy, LLC, supra*, pág. 15. De una lectura de la demanda se desprende que el Sr. Díaz Ortiz expresó que el Sr. Ayala Ríos, el Sr. Pagán Hernández y el Sr. Colón Cortés <u>con</u> la AAA violaron la fe pública y realizaron actos de conspiración para sobornar, defraudar y llevar a cabo extorsión mediante engaño con relación a hechos ocurridos el 7 de septiembre de 2023. Además, expuso el Sr. Díaz Ortiz que lo amenazaron de mantener como rehén el servicio de agua.

Asimismo, surge del expediente que, ese mismo día, el Sr. Pagán Hernández, gerente de la AAA, cursó al Sr. Díaz Ortiz una carta informándole que el 3 de agosto de 2023, utilizó agua en la propiedad localizada en la Urb. Villa Carmen 2306 Calle Turabo en Ponce.[14] Lo anterior sin que estuviera registrado para recibir dicho servicio de la agencia administrativa, en contravención con la *"Ley de Acueductos y Alcantarillados de Puerto Rico"*, Ley Núm. 40 del 1

---

[14] *Íd.*, Entrada Núm. 6, Anejo 1, pág. 1.

de mayo de 1945, según enmendada, 22 LPRA secs. 141 *et seq.*; y el *Reglamento sobre el uso de los servicios de acueducto y alcantarillados sanitario de Puerto Rico*, Reglamento Núm. 8901, AAA, 27 de enero de 2017. En su consecuencia, expuso que "se le notifica la determinación de la Autoridad de imponerle una multa administrativa de $1,000.00, como primera infracción, de acuerdo con el Artículo 7.03 de dicho Reglamento, entre otros cargos que totalizan $1,796.64".[15] (Énfasis suplido). Además, le informó que, de estar inconforme con dicha decisión, podía solicitar una revisión al Sr. Ayala Ríos, director auxiliar de servicio al cliente.

Subsiguientemente, el Sr. Colón Cortés, también director auxiliar de servicio al cliente, dirigió un comunicado por escrito al Sr. Díaz Ortiz indicándole que se ajustó la multa, empero reafirmaron los cargos impuestos.[16]

Ciertamente, de las propias alegaciones del Sr. Díaz Ortiz y de la prueba del expediente, la determinación de imponer la multa fue de la AAA, a través de sus funcionarios, tal como permite el Artículo 7.02 del Reglamento Núm. 8901-2017, *supra*, pág. 36. Es decir, no fue una decisión propiamente del Sr. Ayala Ríos, el Sr. Pagán Hernández y el Sr. Colón Cortés, sino de la agencia administrativa. Por tanto, al poseer un interés común sobre lo que resolvió, la AAA era parte indispensable en el pleito sin cuya presencia no se podía adjudicar la controversia. Consecuentemente, del foro primario haber dictado una sentencia, esta hubiese sido nula. Ante tal circunstancia, el foro *a quo* no incurrió en el quinto señalamiento de error.

En cuanto al levantamiento de rebeldía, el Sr. Díaz Ortiz adujo que el TPI falló en imponer la Regla 45.1 de Procedimiento Civil, *supra,* y al levantar la anotación de rebeldía en ausencia de prueba

---

[15] *Íd.*
[16] *Íd.*, pág. 2.

juramentada conforme a la Regla 45.2 de Procedimiento Civil, *supra*, R. 45.2. Primeramente, contrario a lo argüido por el Sr. Díaz Ortiz, el foro primario anotó la rebeldía contra la parte apelada, a tenor con la Regla 45.1 de Procedimiento Civil, *supra*, luego de que dejara de presentar una alegación responsiva o dispositiva.[17]

Segundo, y tal como expusimos en la sección anterior, cuando la parte no puede utilizar la Regla 45.1 de Procedimiento Civil, *supra*, para obtener el levantamiento de la anotación de rebeldía en su contra, se necesita probar la "causa justificada" requerida por la Regla 45.3 de Procedimiento Civil, *supra*. *Rivera Figueroa v. Joe's Eurpean Shop*, *supra*, pág. 593. Es decir, se "podría presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo". *Rivera Figueroa v. Joe's Eurpean Shop*, *supra*, pág. 593; *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283, 293 (1988). Tanto el Sr. Ayala Ríos como el Sr. Colón Cortés adujeron en sus solicitudes para el relevo de anotación de rebeldía que entendían que la AAA debía ser la demandada en el presente caso y no ellos en su carácter personal.[18] Además, presentaron sus respectivas solicitudes de desestimación, al amparo de la doctrina de cosa juzgada y por ausencia de parte indispensable.[19] En su consecuencia, el foro primario levantó la anotación de rebeldía contra la parte apelada, conforme a lo dispuesto en *Rivera Figueroa v. Joe's European Shop*, *supra*, págs. 588-589, y *Neptune Packing Corp. v. Wackenhut Corp.*, *supra*, pág. 294.[20] Ciertamente, el grado de perjuicio que podía ocasionar a la otra parte con relación al

---

[17] *Íd.*, Entrada Núm. 25; *Íd.*, Entrada Núm. 26; *Íd.*, Entrada Núm. 27.
[18] *Íd.*, Entrada Núm. 32; *Íd.*, Entrada Núm. 35.
[19] *Íd.*, Entrada Núm. 41; *Íd.*, Entrada Núm. 42.
[20] *Íd.*, Entrada Núm. 50.

proceso era razonablemente mínimo dado a que, independientemente de la revocación de anotación de rebeldía, el caso no podía continuar sin la comparecencia de la AAA, sino que procedía la desestimación del pleito, al amparo de la Regla 10.2(6) de Procedimiento Civil, *supra.* Asimismo, la parte apelada tenía buena defensa en sus méritos, pues la AAA era parte indispensable y, por ende, el foro primario estaba vedado de emitir una determinación sin su presencia. Por ende, el foro primario tampoco incurrió en los planteamientos de error <u>tres</u> y <u>cuatro</u>.

Por otro lado, bajo el señalamiento de error <u>seis</u>, el Sr. Díaz Ortiz cuestionó la neutralidad del juez que presidió el pleito de marras en el TPI, y solicitó que se le reasignara otro magistrado. Surge de SUMAC que otro juez tiene a cargo el caso, por lo que su súplica se tornó académica.

En cuanto al segundo planteamiento de error, el Sr. Díaz Ortiz adujo que el TPI incidió al aplicar incorrectamente la Regla 4.3(c) de Procedimiento Civil, *supra*, luego de desestimar el caso contra la AAA, a pesar de la existencia de justa causa. Conforme al expediente del presente caso, el foro primario emitió una *Sentencia Parcial* el 16 de junio de 2024, notificada el mismo día, por la que desestimó y archivó la demanda de autos en cuanto a la AAA, sin perjuicio.[21] Sin embargo, no se desprende del expediente la radicación de una solicitud de reconsideración ni recursos apelativos presentados por parte de la Sr. Díaz Ortiz respecto a dicho dictamen. Por ende, la *Sentencia Parcial* advino final, firme e inapelable, y, consecuentemente, no atenderemos el <u>segundo</u> señalamiento de error.

Por último, contrario a lo argüido por la parte apelada, el recurso de apelación fue radicado por el Sr. Díaz Ortiz a tiempo. La

---

[21] *Íd.*, Entrada Núm. 29.

Regla 52.2(a) de Procedimiento Civil, *supra*, R. 52.2(a), y la Regla 13(A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), establecen un término jurisdiccional de treinta (30) días contados a partir del archivo en autos de la copia de la notificación de sentencia dictada por el tribunal apelado. La *Sentencia* apelada en el presente caso fue notificada y archivada en autos el 15 de diciembre de 2025. Además, del ponche localizado en la portada del recurso de apelación del Sr. Díaz Ortiz se desprende que el mismo fue radicado en la Secretaría del TPI el 23 de diciembre de 2025. Aunque no fue presentado, en primer lugar, ante la Secretaría de esta Curia, es harto conocido que "la radicación de un asunto en una sala de distinta competencia, no priva a dicho foro de jurisdicción: la falta de competencia no es defensa válida para la desestimación de la acción". *Seijo v. Mueblerías Mendoza*, 106 DPR 491, 493 (1977). Por lo tanto, aunque se recibió en la Secretaría de este Tribunal el 21 de enero de 2026, poseíamos jurisdicción para atender el recurso de apelación.

## IV.

Por las razones discutidas anteriormente, declaramos No Ha Lugar la solicitud de desestimación presentada ante nos por la parte apelada y confirmamos la determinación apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones